JOHN M. GERRITY ET AL. *v.* MICHAEL C. BISCIGLIA ET AL.

LOISELLE, BOGDANSKI, LONGO, PETERS and PARSKEY, Js.

Argued May 3—decision released July 3, 1979

*James J. A. Daly,* with whom, on the brief, were *Daniel E. Brennan, Joseph P. McNamara, Robert J. Brennan, Jr.,* and *Thomas J. Weihing,* for the appellant-appellee (named plaintiff).

*Edgar P. De Vylder, Jr.,* with whom were *Paul E. Knag,* and, on the brief, *Warren W. Eginton,* for the appellees-appellants (defendants).

Bogdanski, J. This appeal arises out of an action for a declaratory judgment and a writ of mandamus brought by John M. Gerrity, the named plaintiff, a probationary appointee to the position of school lunch district supervisor, to compel the defendant members of the board of education of the city of Bridgeport (hereinafter "the board") to grant him a permanent appointment. The trial court, after hearing, issued a writ of mandamus ordering the board to reinstate Gerrity with back pay but directing that the award of back pay be reduced by the amount which Gerrity could have earned had he accepted the lesser paying position offered him by the board. From that judgment both parties have appealed to this court.

There is no dispute as to the facts. The position of school lunch district supervisor is in the competitive division of the classified service of the Bridgeport civil service system. 22 Spec. Acts 261, No. 407, amending the charter of the city of Bridgeport. A probationary period of from three to six months is provided by the act for all appointments to the classified service in order to enable the appointing authorities to exercise discretion in filling such positions. The act further provides that at the end of the probationary period, the permanent or final appointment of any probationary

appointee shall be determined by the executive head of the department, the personnel director of the civil service commission of the city of Bridgeport and the majority of the commission.[1]

At the completion of Gerrity's probationary period, the board notified him that he would not receive a permanent appointment, and offered him instead a nonclassified position at a lower salary. Gerrity declined to accept the position offered and applied to the civil service commission for a hearing claiming that he had a right to a permanent appointment as school lunch supervisor. The hearing requested by Gerrity was held several months later by the commission and its personnel director, and on February 10, 1977, the commission and the personnel director issued a decision purporting to order the board to reinstate Gerrity to the position of school lunch supervisor, with back pay.

---

[1] Section 5 of 22 Spec. Acts 261, No. 407, "An Act Amending the Charter of the City of Bridgeport by Establishing a Civil Service Commission," provides: "Upon appointment to a position, the appointee shall hold the position for a period of not less than three months and not more than six months and shall be on probation for such time; the personnel director, the executive head of the department and a majority of the commissioners shall determine the permanent appointment."

Section 11 of the act provides: "To enable appointing officers to exercise sound discretion in the filling of positions, no appointment, employment or promotion in any position in the classified service shall be deemed final until after the expiration of a period of three to six months probationary service, as may be provided in the rules of the civil service commission. The commission, the personnel director and the executive head of the department concerned shall determine the permanent appointment."

Rule V of the rules of the Bridgeport civil service commission, in turn, provides that "At the end of the probationary period the permanent . . . appointment of any appointee who shall have been deemed fit for appointment . . . and who shall have satisfactorily performed the duties of the position during the probationary period, shall be determined by the . . . [board of education], the personnel director and the majority of the commission."

The board objected to the holding of the above hearing and refused to recognize the decision of the commission and the personnel director on the ground that those entities had no jurisdiction to hold such hearing or to overrule the board's refusal to grant Gerrity a permanent appointment. When the board refused to comply with the order reinstating him, Gerrity brought an action in Superior Court seeking a declaratory judgment and mandamus. The civil service commission and its personnel director were permitted to intervene as plaintiffs in that action.

The trial court found that the appointment of Gerrity as a probationary employee did not automatically give him permanent status inasmuch as the act provides that no appointment shall be deemed final until the appointee has completed his probationary period and the commission, personnel director and the board shall determine to grant permanent appointment. The court concluded, however, that, since the personnel director and a majority of the commission had decided, after a hearing, to reinstate Gerrity, he had thereby acquired a right to appointment as a permanent employee with all the rights and privileges appurtenant thereto, and the court issued an order directing the board to reinstate Gerrity.

Mandamus is an extraordinary remedy designed to enforce the performance of a plain positive duty, and, as such, the writ will properly issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled. *Kosinski* v. *Lawlor,* 177 Conn. 420, 426, 418 A.2d 66. Since mandamus neither gives nor defines rights which one does not already have, it cannot, and does not, act upon a doubtful and contested

right. *Boyko* v. *Weiss,* 147 Conn. 183, 186, 158 A.2d 253. It is clear from facts in the record that the present case involves a contested right.

A central issue on this appeal, as in the trial court, is the question of the interpretation to be given the provisions of 22 Spec. Acts 261, No. 407, which provide that a decision to grant or deny permanent appointment to an employee at the completion of the probationary period shall be determined by the executive head of the department, the personnel director and the majority of the commission.[2] It seems clear that, in order for a grant or denial of a permanent appointment to be valid, all three of the named entities must participate in some manner in the decision-making process. The record in the instant case, however, discloses that no valid decision, either to grant or deny permanent status, has been made because neither of the purported decisions in this case was acted upon by all three of the named agencies as required by 22 Spec. Acts 261, No. 407.

Under these circumstances, we cannot but conclude that Gerrity failed to establish that he had a clear legal right to the appointment which he sought and therefore that the trial court erred in issuing a writ of mandamus ordering the board to make such appointment.

There is error, the judgment is set aside and the case is remanded for the rendition of a judgment returning it to the commission to be proceeded with according to law.

In this opinion the other judges concurred.

[2] Section 11 of 22 Spec. Acts 261, No. 407, and rule V, subsection 1 of the rules of the commission.