MARVIN A. CAMM ET AL. *v.* WILLIAM D. HART, JR., ET AL.
(4174)

HULL, BORDEN and DALY, Js.

Argued December 11, 1985—decision released February 25, 1986

*Marylouise S. Black,* with whom, on the brief, was *Robert A. Fuller,* for the appellants (defendants).

*Walter A. Stewart, Jr.,* for the appellees (plaintiffs).

BORDEN, J. In this mandamus action, the defendants, the members of the planning and zoning commission of the town of New Canaan, appeal from a supplemental judgment rendered in favor of the plaintiffs, owners of a two lot subdivision. The plaintiffs had obtained an original judgment of mandamus compelling the approval of their subdivision because the defendants had failed to act on their application for subdivision approval within the statutorily required period.

The issue in this appeal involves the propriety of the supplemental judgment, which declared that the requirements of the zoning regulations regarding the average width of a lot do not apply to one of the lots in the plaintiffs' subdivision. We hold that because the plaintiffs' right to this supplemental judgment was not clear, but was doubtful and contested, it was error for the court to issue the supplemental judgment as part of this mandamus action.

The facts are not in dispute. The plaintiffs brought the mandamus action seeking a certificate of approval of their proposed subdivision, because their subdivision application had been denied by the commission more than sixty-five days from the date of the hearing. See General Statutes §§ 8-26 and 8-26d. The basis of the denial of the application was a failure to meet the minimum lot width requirements of the town zoning regu-

lations.[1] One of the defendants' claims to the trial court in the initial mandamus proceeding was that the plaintiffs had no clear legal right to a certificate of approval because of the prohibition in General Statutes § 8-26 against approval of a subdivision which conflicts with applicable zoning regulations. See footnote 1, supra. The court, recognizing the plausibility of the argument, rejected it nonetheless because it did "not address the legal result of the Commission's failure to act within the time permitted under § 8-26d." The court, rejecting the defendants' other claims, rendered a judgment of mandamus approving the plaintiffs' subdivision. See *Viking Construction Co.* v. *Planning Commission,* 181 Conn. 243, 435 A.2d 29 (1982). The defendants did not appeal.

In compliance with the judgment, the defendants approved the subdivision map, and the plaintiffs recorded it. Thereafter, the plaintiffs filed an application with the zoning inspector of the town for a "zoning permit"[2] for the subdivision. The inspector denied their application on the ground that the lot involved did not conform to the average width required by the zoning regulations.

The plaintiffs then moved in the trial court for a supplemental judgment which would declare "that the 'required average width' definition of the zoning regulations of the Town of New Canaan do not apply to this lot."[3] The plaintiffs did not seek to establish that their

[1] General Statutes § 8-26 provides in part that "nothing in this section shall be deemed to authorize the commission to approve any such subdivision or resubdivision which conflicts with applicable zoning regulations."

[2] The record does not make clear whether the plaintiffs were seeking a building permit pursuant to General Statutes § 8-3 (f) or site plan approval pursuant to General Statutes § 8-3 (g). Both, however, require that the proposed use of the property be in conformity with the zoning regulations.

[3] The plaintiffs also appealed from the zoning inspector's denial of their application to the zoning board of appeals, and from the denial by the board they filed a zoning appeal in the Superior Court. That appeal is still pend-

subdivision was in fact in conformity with the lot width requirements of the zoning regulations, nor did the trial court inquire into that issue. Instead, the court, reasoning that it was effectuating its original judgment, granted the motion and rendered the supplemental judgment in the form requested by the plaintiffs. That supplemental judgment forms the basis of this appeal.

We begin by noting that the supplemental judgment was rendered to enforce a judgment of mandamus. Thus, the propriety of the supplemental judgment must be gauged by the same standards as the original judgment. The court cannot take action by way of a supplemental judgment of mandamus that would have been beyond the proper scope of an original judgment of mandamus.

Mandamus is an extraordinary remedy. *Hackett* v. *New Britain,* 2 Conn. App. 225, 227, 477 A.2d 148 (1984). "Since mandamus neither gives nor defines a right which one does not already have, it cannot, and does not, act upon a doubtful or contested right. *McAllister* v. *Nichols,* 193 Conn. 168, 171–72, 474 A.2d 792 (1984); *Gerrity* v. *Bisciglia,* 178 Conn. 235, 238–39, 423 A.2d 871 (1979)." *Hackett* v. *New Britain,* supra, 228. We conclude that the plaintiffs' right to a declaration that the lot width zoning regulations do not apply, even after the mandated subdivision approval, is sufficiently doubtful and contested so as to bar it as a basis for a supplemental judgment of mandamus.

The plaintiffs argue that the issue of the applicability of the lot width requirements of the zoning regulations had been litigated in the original mandamus action and decided in their favor. Thus, they claim that

ing. We note that the availability of this zoning appeal alone would not necessarily bar the plaintiffs from relief by mandamus to which they are otherwise entitled. See *Merlo* v. *Planning & Zoning Commission,* 196 Conn. 676, 680–81, 495 A.2d 268 (1985).

because mandamus is a legal remedy which is also subject to equitable principles; see *Sullivan* v. *Morgan,* 155 Conn. 630, 635, 236 A.2d 906 (1967); *Hackett* v. *New Britain,* supra, 229; the supplemental judgment was a proper exercise of the court's general equity power to grant whatever incidental relief is necessary to carry out the main object of the suit. See *Clipfel* v. *Kantrowitz,* 143 Conn. 184, 188, 120 A.2d 416 (1956). The plaintiffs further argue that any result other than that effected by the supplemental judgment would vitiate General Statutes §§ 8-26 and 8-26d, and would be contrary to such cases as *Vartuli* v. *Sotire,* 192 Conn. 353, 472 A.2d 336 (1984), and *Viking Construction Co.* v. *Planning Commission,* supra, which hold the time constraints of General Statutes §§ 8-26 and 8-26d to be mandatory.

The defendants offer several considerations to the contrary, the strongest of which are as follows. They argue that, although the town has combined its planning and zoning functions in one commission, those functions are separate. *Vose* v. *Planning & Zoning Commission,* 171 Conn. 480, 483, 370 A.2d 1026 (1976). Subdivision regulation is part of the planning function; id.; while issuance of a zoning permit is part of the zoning function, which regulates the use of land. *Kiska* v. *Skrensky,* 145 Conn. 28, 31–32, 138 A.2d 523 (1958). Thus, they argue, approval of the subdivision application did not, and could not, carry with it approval of the lot width requirement which is part of the zoning function. Furthermore, they claim that the effect of the supplemental judgment is to compel the zoning inspector to approve a use which is in violation of the very zoning regulations which it is his duty to enforce, and that he cannot be compelled to do so. See *State ex rel. Lavoie* v. *Building Commission,* 135 Conn. 415, 423, 65 A.2d 165 (1949). Their position finds implicit but strong support in *Shapero* v. *Zoning Board,* 192 Conn.

367, 371, 472 A.2d 345 (1984). In that case, the Supreme Court appeared to agree with the parties that, even though a coastal site plan had been approved by operation of law because the zoning board had not acted within the sixty-five day period mandated by General Statutes § 22a-109 (e); cf. General Statutes § 8-26; a building permit could not be issued for the site unless the proposed building also complied with all applicable zoning regulations. "This additional requirement is imposed by General Statutes § 8-3 (f), which expressly prohibits the issuance of a building permit unless the proposed building 'is in conformity with such [zoning] regulations . . . . ' " (Footnote omitted.) *Shapero* v. *Zoning Board,* supra, 371.

Under these circumstances, the plaintiffs' right to an exemption from the average lot width requirements of the zoning regulations is far from clear. Thus, the plaintiffs were not entitled to the supplemental judgment.

There is error in part, the supplemental judgment is set aside and the case is remanded with direction to deny the plaintiffs' motion for supplemental judgment.

In this opinion the other judges concurred.