CONCETTO BENINATO, SR. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF BOZRAH ET AL.
(5030)

DUPONT, C. J., HULL, BORDEN, SPALLONE, DALY and BIELUCH, Js.

Argued June 5—decision released August 19, 1986

*Lester Katz,* for the appellant (plaintiff).

*Robert C. Leuba,* for the appellees (defendants).

HULL, J. This opinion is a memorandum of decision on the defendants' motion to dismiss the plaintiff's appeal. The named defendant and the defendant Stanley Wilson, the named defendant's planning and zoning enforcement officer,[1] move to dismiss the plaintiff's appeal on the ground that it is, in essence, an appeal from a decision upon an appeal from a zoning board of appeals which is permitted only after the granting of certification by this court pursuant to Gen-

---

[1] The defendant Wilson carries various titles in different zoning capacities. For simplicity we have chosen to label him by one of them.

eral Statutes § 8-8 (g),[2] and that such certification was denied by this court on May 8, 1986. The plaintiff argues that certification is not required because he is not appealing from a zoning decision but rather from the judgment of the Superior Court denying his application for a writ of mandamus concerning this matter. He asserts, therefore, that his direct appeal is proper.

We turn to the trial court's memorandum of decision for the necessary background. On January 11, 1979, the plaintiff submitted an application for subdivision approval and a subdivision plan dated August 8, 1978, to the Bozrah planning and zoning commission. The application was denied by the commission on June 14, 1979, and the plaintiff appealed to the Superior Court. On April 16, 1982, a judgment by stipulation approving the subdivision was rendered by the court. In the interim, on May 8, 1981, a "revised subdivision plan" was drawn up. That revised subdivision plan was signed by the chairman of the commission on September 29, 1983, and was recorded the same day with the town clerk. On September 27, 1984, the plaintiff applied for a building and zoning permit. On October 3, 1984, Wilson denied the application apparently pursuant to General Statutes § 8-25 (a) which requires that "[a]ny plan for subdivision shall, upon approval . . . be filed or recorded by the applicant in the office of the town clerk *within ninety days* of the date such plan is delivered to the applicant . . . and any plan not so filed or recorded within the prescribed time shall become null and void . . . ." (Emphasis added.) The plaintiff

[2] General Statutes § 8-8 (g) provides: There shall be no right to further review except to the appellate court by certification for review, upon the vote of two judges of the appellate court so to certify and under such other rules as the judges of the appellate court establish. The procedure on such appeal to the appellate court shall, except as otherwise provided herein, be in accordance with the procedures provided by rule or law for the appeal of judgments rendered by the superior court unless modified by rule of the judges of the appellate court."

appealed to the named defendant, which denied the plaintiff's appeal on December 29, 1984. The plaintiff then appealed to the Superior Court alleging that he was aggrieved by the defendant's decision and that the named defendant had acted illegally, arbitrarily and in abuse of its discretion by denying his application.

In his complaint, dated January 7, 1985, headed "Appeal from Zoning Board of Appeals and Request for Order of Mandamus," the plaintiff claimed that as a matter of law his application for a building permit was wrongfully denied because he had complied with General Statutes § 8-25. He asserted at trial that his revised subdivision plan dated May 8, 1981, was approved when he obtained the signature of the chairman of the planning and zoning commission on September 29, 1983. Thus, he argued that because the plan was recorded with the town clerk on the same day, it was in compliance with the ninety day requirement of General Statutes § 8-25 and, therefore, valid. Accordingly, in his prayer for relief he requested (1) an order from the trial court reversing the decision of the named defendant and (2) a writ of mandamus ordering Wilson to grant his application for a building and zoning permit.

The trial court concluded that the plaintiff had not shown that the August 8, 1978 plan was filed with the town clerk within ninety days from April 16, 1982, the date of the stipulated judgment, which the court deemed to be the date the subdivision was approved. It concluded, therefore, that the subdivision plan was null and void pursuant to General Statutes § 8-25. The court also rejected the plaintiff's claim that his May 8, 1981, subdivision plan was a "resubdivision" under General Statutes § 8-18, which defines resubdivision as a change in a map of *an approved or recorded subdivision.* The court reasoned that since the 1978 subdivision plan was null and void under General Statutes

§ 8-25, the May 8, 1981 plan was not a change "in a map of an approved or recorded subdivision." The court also stated that even if it were to deem the May 8, 1981 map a resubdivision, the commission could not have approved it since the plaintiff presented no evidence that the commission held a public hearing on the "resubdivision" as required by General Statutes § 8-26. Finally, the court concluded that other technical requirements of the Bozrah subdivision regulations were not met. The court dismissed the appeal, and the plaintiff's petition for certification to appeal from that judgment was denied by this court on May 8, 1986.

It is clear from this factual background that the dispositive issue in this motion to dismiss is whether an appeal to this court from a denial of a request for a mandamus in a zoning matter has a separate life or falls with the underlying zoning appeal on which it is based. The plaintiff argues that two cases weigh in favor of the conclusion that a separate appeal from the denial of mandamus lies under the facts and circumstances of this case: *Camm* v. *Hart,* 6 Conn. App. 284, 504 A.2d 1388 (1986), and *Merlo* v. *Planning & Zoning Commission,* 196 Conn. 676, 680–81, 495 A.2d 268 (1985). The defendant in *Camm* appealed from the granting of a supplemental judgment of mandamus in favor of the plaintiffs, arising out of a zoning dispute. The plaintiffs, in addition to bringing the action which resulted in the supplemental judgment which the defendants challenged, also brought an appeal of the matter to the zoning board of appeals. Their appeal to the Superior Court from the board's action was still pending when the defendant appealed to this court. In our decision, this court noted that "the availability of this zoning appeal alone would not necessarily bar the plaintiffs from relief by mandamus to which they are otherwise entitled. See *Merlo* v. *Planning & Zoning Commission,* 196 Conn. 676, 680–81, 495 A.2d 268 (1985)." *Camm* v. *Hart,* supra 286–87 n.3.

In *Merlo* v. *Planning & Zoning Commission,* supra, the plaintiff had sought a writ of mandamus to compel the defendant planning and zoning commission to issue a certificate of approval of a subdivision plan. She claimed that her plan was automatically approved by operation of law because of the commission's failure to act within the sixty-five day limit set in General Statutes §§ 8-26 and 8-26d. The trial court disagreed, concluding that the commission had acted within the requisite time limit by disapproving the application when it defeated a motion to approve the plan. Accordingly, the trial court rendered judgment in the commission's favor and the plaintiff appealed to this court. We set aside the judgment of the trial court; see *Merlo* v. *Planning & Zoning Commission,* 1 Conn. App. 621, 474 A.2d 477 (1984); and the commission's petition for certification to our Supreme Court was granted. The Supreme Court reversed the judgment of this court, and, in so doing, discussed the issue involved here, "a *jurisdictional* issue concerning the propriety of mandamus as a remedy where there is a statutory appeal available, such as that pending, in which a plaintiff includes as one ground for relief essentially the same claim presented in the mandamus action." (Emphasis added.) *Merlo* v. *Planning & Zoning Commission,* supra, 680. The court noted that "[t]he commission relies on the principle that 'when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test.' *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 598, 409 A.2d 1029 (1979); see *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 685, 485 A.2d 1272 (1984). With respect to the extraordinary writ of mandamus, it is well established that an essential prerequisite for issuance of the writ is the absence of any other suffi-

cient remedy. *Juliano* v. *Farrell,* 196 Conn. 283, 286, 491 A.2d 187 (1985); *Kays, Inc.* v. *Board of Tax Review,* 170 Conn. 477, 480, 365 A.2d 1207 (1976); *Milford Board of Education Assn.* v. *Board of Education,* 167 Conn. 513, 519, 356 A.2d 109 (1975)." *Merlo* v. *Planning & Zoning Commission,* supra, 680. The court rejected the commission's arguments and, in so doing, suggested two situations in which jurisdiction over both actions might exist.

The court indicated: "As the Appellate Court noted, this court in several cases has implicitly approved mandamus as an appropriate remedy where it is claimed that a subdivision plan has been automatically approved pursuant to § 8-26 because of the failure of a planning commission to perform its statutory duty within the prescribed time. *M & L Homes, Inc.* v. *Zoning & Planning Commission,* 187 Conn. 232, 445 A.2d 591 (1982); *Gervasi* v. *Town Plan & Zoning Commission,* 184 Conn. 450, 440 A.2d 163 (1981); *Viking Construction Co.* v. *Planning Commission,* 181 Conn. 243, 435 A.2d 29 (1980). In *Vartuli* v. *Sotire,* 192 Conn. 353, 366, 472 A.2d 336 (1984), we held that the pendency of a zoning appeal, 'which could do no more than secure approval of the coastal site plan, which already had been approved by operation of law,' did not preclude resort to the more expeditious and effective remedy of mandamus in order to 'vindicate the plaintiffs' right to the immediate issuance of a building permit.' The situation is similar in this case, where the plaintiff claims that her subdivision plan has been approved pursuant to § 8-26 by virtue of the inaction of the commission. If the plan has been approved by operation of law, as she contends, her right to certification of its approval by the commission can most directly, completely and expeditiously be effectuated by mandamus. See *State ex rel. Brooks* v. *Hitchcock,* 33 Conn. Sup. 686, 690–91, 367 A.2d 692 (1976)." (Footnotes omitted.) *Merlo* v. *Planning & Zoning Commission,* supra, 680–81.

The Supreme Court in *Merlo* also noted another situation where mandamus would be appropriate even though there was a possible remedy via appeal: "Since a court upon appeal from a decision of a planning commission has authority only to 'review, revoke, modify or affirm any act of such commission,' it appears that ancillary relief in some form would be necessary where a commission refuses to certify a plan that has been approved." *Merlo* v. *Planning & Zoning Commission*, supra, 681 n.5.

We conclude that neither *Camm* nor *Merlo* supports the plaintiff's position under the facts and circumstances of this case. In *Camm*, since the zoning appeal was pending, the underpinning of the mandamus action had not yet been ripped out. In *Merlo*, the plaintiff sought only a mandamus to achieve automatic approval, and, as the Supreme Court made clear, such a remedy was appropriate as a matter of mandamus jurisdictional law. The *Merlo* mandamus action did not rest on a zoning appeal foundation. In *Camm*, that foundation was still standing. In this case, the zoning appeal had previously been denied.

The request for a mandamus in this case is logically dependent on the viability of the zoning appeal. It has no life of its own as the similar request did have in *Merlo*. The trial court in this case stated in the first sentence of its memorandum of decision that "[t]his is an appeal from a decision of the Bozrah zoning board of appeals (board) denying plaintiff's application for a building permit and zoning permit." The trial court then discussed the appeal without mention of the mandamus petition, and the plaintiff did not seek articulation in this regard. See *Pointina Beach Assn., Inc.* v. *Stella*, 1 Conn. App. 341, 343, 471 A.2d 970 (1984). The zoning appeal to the trial court did not allege the necessary requisites for the granting of a writ of mandamus, nor did the plaintiff prove them. Thus, not only did

the plaintiff not prove a "clear legal right to mandamus," the trial court found he had no right to the relief requested when it dismissed his zoning appeal.

In *Allied Plywood, Inc.* v. *Planning & Zoning Commission,* 2 Conn. App. 506, 480 A.2d 584 (1984), we considered combined appeals involving a zoning appeal and a petition for mandamus arising out of a similar factual background. In the first appeal, the plaintiff Allied appealed to this court from the judgment of the Superior Court which dismissed its administrative appeal from the town planning and zoning commission's denial of its application for site plan approval. Savin Brothers, Inc., the plaintiff in the companion case, had contracted to sell the subject property to Allied contingent on Allied's obtaining the site plan approval. Savin appealed to this court from the Superior Court's denial of its petition for a writ of mandamus to compel the commission to approve the application. We upheld the trial court's dismissal of the administrative appeal in the first case. We then stated: "Since we have concluded that Allied had no statutory right of appeal, we have negated the court's reason for denying Savin's petition for a writ of mandamus, i.e., that Savin had an adequate remedy at law, to wit, the administrative appeal." *Allied Plywood, Inc.,* v. *Planning & Zoning Commission,* supra, 509–10. We then followed the logical path by concluding that, since the reason for the denial of the mandamus petition had been dismissed, we had to search the record to see if mandamus was otherwise justified. After so doing, we concluded that the mandamus should have been granted. *Allied Plywood* thus exemplified one of the possible interrelationships between the two remedies. In that situation, the dismissal of the related zoning appeal mandated the granting of the petition for mandamus, but only because Savin had established a clear legal right to mandamus. The exact opposite is true in the present

case where the trial court had found that the plaintiff had *no right* and this court denied further appellate review of that conclusion.

*Echo Four* v. *Hill,* 3 Conn. App. 118, 485 A.2d 926 (1985), is relevant to this case. The plaintiffs brought suit seeking a declaratory judgment finding certain zoning regulations invalid and seeking a mandamus ordering the named defendant building and zoning inspector to issue a certificate of occupancy for certain premises owned by the plaintiffs. That certification had been denied because of the pertinent regulations. The defendants appealed from the judgments rendered and challenged the granting of the twin relief sought. This court found that the trial court lacked jurisdiction to render the declaratory judgment because of the absence of notice to all interested parties. We also determined that the mandamus action was inextricably intertwined with the declaratory judgment action and held that "[t]he mandamus judgment is dependent upon the declaratory judgment and must fall with it. Without the judgment that the pertinent zoning regulations are invalid there is no basis for the issuance of the mandamus." *Echo Four* v. *Hill,* supra, 125.

In this case, the dimissal of the plaintiff's zoning appeal, and the subsequent denial of certification to appeal that judgment, has removed any basis for a writ of mandamus. When we observe an attempted "leap frog" by way of mandamus over the certification requirement in zoning appeals, we must stop the matter in midair. Otherwise, the certification requirement of General Statutes § 8-8 (g) could be hopped over merely by tacking the "mandamus" label on the prayer for relief in a zoning appeal.

The defendants' motion to dismiss the plaintiff's appeal is granted.

In this opinion the other judges concurred.