[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Stephen Kordiak, Jeanette Kordiak, Mehrangiz Aghili, Robert Chamberlain, Elizabeth Chamberlain, Anne Oberkirch, Irwin Silver, Laura Silver, Joan Kenna, James Dispazio, Vantage Equities, Inc., and P G Associates of Campbell Avenue appeal from the granting by the Town Planning and Zoning Commission for the Town of Woodbridge ("Commission") of an application for subdivision of a parcel of land located within one hundred feet of properties owned by the appellants. The appeal of Karen Longa has been withdrawn.
The subdivision application at issue was filed by Igor Zakoworotny, who sought approval to subdivide into eight residential lots a twenty-three acre parcel of land known as 29 Perkins Road.
The application was granted by the Commission on July 20, 1992.
The appellants have established aggrievement.
The subdivision plan approved by the Commission includes a road commencing at Perkins Road on a fifty-four foot strip of CT Page 6687 land located between the side yards of the residential lots of appellants Stephen and Jeanette Kordiak and another property, identified on the map as now or formerly the property of Jo-Anne Close. The fifty-four foot strip extends along the side boundaries of these two residential lots, which front on Perkins Road, and into the twenty-three acre parcel, which commences at the rear boundaries of the Kordiak and Close lots, such that the area approved for subdivision is a large interior tract behind the houses on Perkins Road, with the fifty-four foot panhandle providing access to Perkins Road.
The appellants claim that the Commission acted illegally, arbitrarily and in abuse of its discretion in granting subdivision approval. In reviewing the granting of a subdivision application, the court may not substitute its judgment for that of the Commission but must determine whether the Commission's decision is reasonably supported by the record. Westport v. Norwalk, 167 Conn. 151, 161 (1974); Blakeman v. Planning Commission, 152 Conn. 303, 308 (1965); Gagnon v. Municipal Planning Commission, 10 Conn. App. 54, 57, cert. denied,203 Conn. 807 (1987).
In passing upon a subdivision application, a planning and zoning commission is controlled by the regulations which it has previously adopted. Westport v. Norwalk, 167 Conn. 151, 155, 157
(1974); Beach v. Planning and Zoning Commission, 141 Conn. 79, 84
(1954); North Rollingwood Property Owners Ass'n v. City Plan Commission, 152 Conn. 518, (1965). If a subdivision application meets the existing regulations, the commission must approve it. R K Development Corporation v. Norwalk, 156 Conn. 369, 376-77
(1968); Beach, supra, 141 Conn. at 84. A commission may not approve a subdivision application that does not conform with subdivision regulations; South East Property Owners and Residents Association v. City Plan Commission, 156 Conn. 587, 591-2 (1968); Forest Construction Co. v. Planning and Zoning Commission,155 Conn. 669, 675 (1967); Westport v. Norwalk, supra, at 157-8; Gagnon, supra, at 54, 57; Reed v. Planning and Zoning Commission,12 Conn. App. 153, 156, aff'd, 208 Conn. 431, 433 (1988); and may reject an application that does not comply with applicable portions of the zoning regulations. Krawski v. Planning and Zoning Commission, 21 Conn. App. 667, 671 (1990).
Each of the four grounds raised is discussed below.
I. Creation of Zoning Nonconformities on Adjoining Lots CT Page 6688
The appellants claim that the approval of the subdivision application violated 8-26 C.G.S. in that the proposed road on the fifty-four foot strip would reduce the side yards of the abutting properties to less than the dimensions required by the zoning regulations as to residential construction in the zone. Specifically, 3.41 of the Woodbridge Zoning Regulations provides that as to corner lots, "each line which abuts a road shall be deemed to be a front yard line, and the required yard along both frontages shall be a required front yard," that is, a 75 foot setback from the road. The applicants' position is that the approval of the subdivision road to occupy the fifty-four foot strip between the Kordiak and Close properties gives rise to a requirement that the residences on those properties be seventy-five feet from the boundary line, not twenty-five feet, the setback required for side yards. Since the houses are already in place, the appellants argue that approval of the subdivision plan, including the road, renders the Kordiak and Close properties in violation of the zoning requirements as to setbacks, and that the subdivision cannot be approved because it creates zoning violations.
The portion of 8-26 C.G.S. on which the appellants rely states that ". . . nothing in this section shall be deemed to authorize the Commission to approve any such subdivision or resubdivision which conflicts with applicable zoning regulations." They interpret this limitation to mean not only that the subdivision itself must comply with regulations concerning the land to be subdivided, but that a proposal must be denied if it would render adjoining land in nonconformity with zoning regulations. That is, the appellants urge the court to read 8-26 C.G.S. as if it precluded approval of a subdivision that results in violations as to adjoining properties.
All of the cases on which the appellants rely in fact concern nonconformity with zoning regulations within the parcel being subdivided, not effects on surrounding land; Federico v. Planning and Zoning Commission, 5 Conn. App. 509, 514 (1985) (lot within the proposed subdivision failed to conform to required frontage requirement); Camm v. Hart, 6 Conn. App. 284 (1986) (lot size within the subdivision). Likewise, Krawski v. Planning and Zoning Commission, supra, concerned the compliance of a lot within the subdivision with zoning regulations regarding degree of slope. CT Page 6689
The appellants have identified no feature of the area to be subdivided which fails to conform with zoning regulations. The provisions of 8-26 relied on refer not to adjoining properties but to the land that is to be divided. The ability of planning and zoning commissions to review the impact of proposed subdivisions on surrounding properties is set forth not in 8-26
but in 8-25, which authorizes commissions to enact regulations concerning impact on nearby bodies of water, flood zones and intersections with existing thoroughfares.
The subdivision regulations enacted by the Town of Woodbridge in 1984 do not contain any requirement concerning the effect of a subdivision on the compliance of adjoining lots with setback requirements.
Since it is well settled that a commission cannot disapprove a subdivision application for a reason not contained in its existing regulations, R K Development Corp. v. Norwalk, supra, at 377; Beach v. Planning and Zoning Commission, supra, at 85; North Rollingwood Property Owners Ass'n v. City Plan Commission, supra, at 521-2; Reed v. Planning and Zoning Commission,12 Conn. App. at 156, the failure of the defendant Commission to reject the Zakoworotny subdivision application because of the claimed effect on the zoning compliance of adjoining lots with pre-existing homes cannot be held to be illegal, arbitrary, or an abuse of discretion.
II. Consideration of Impact on Traffic
The appellants claim that the Commission acted illegally and in abuse of its discretion by failing to conclude that a subdivision creating eight house lots would have an unacceptable impact on traffic in the area, especially on Perkins Road. The appellants argue that the Commission's failure to require the applicant to submit a traffic study rendered its decision on traffic and safety issues uninformed and arbitrary. They point out that though the proposed road into the subdivision conforms with regulations regarding width, Perkins Road itself is an old, narrow country lane, and possible hazards caused by an increase of density of residential occupancy that results in more traffic on Perkins Road should have been considered.
The inadequacy of existing town roads has, however, been held to be an impermissible ground for the rejection of a subdivision application. Reed v. Planning and Zoning Commission, CT Page 6690208 Conn. 431 (1988). In Reed, the Supreme Court held that a commission had exceeded its statutory authority when it denied a 12-lot residential subdivision application based on the fact that the town road leading to the proposed subdivision was narrow and unpaved along some of its length. Offsite traffic considerations have also been rejected as a ground for subdivision denial in Sowin Associates v. Planning and Zoning Commission, 23 Conn. App. 370,373 (1990).
III. The Configuration of the Road Intersection
A further ground raised in the appeal is that the Commission approved a subdivision plan in which the proposed new road fails to join the intersecting road at a right angle for at least 100 feet of its length. The subdivision regulation upon which the appellants rely (2(i)) provides as follows:
 Except where impracticable because of topography or other conditions, all roads shall join each other so that for a distance of at least one hundred (100) feet the road is approximately at right angles to the road it joins.
The record reveals that the proposed road into the subdivision is not at a 90 degree angle from Perkins Road for 100 feet. Though the record does not reveal the precise angle of intersection, a map of the subdivision shows that the new road does not enter Perkins Road at an extreme angle, nor does it contain curves along its first one hundred feet. The record indicates that the Commission investigated whether sight lines to and from Perkins Road from the proposed new road would be adequate to allow users of the road to view approaching traffic adequately (Tr. 5/4/92, pp. 17, 18). The siting of the road was determined in part in response to neighbors' concerns abut preservation of existing tall trees at the entrance to the subdivision (Tr. 5/4/92 at p. 65; Tr. 6/1/92, at pp. 9, 10), and in part to conform with a natural valley (Tr. 5/4/9, p. 19). The record supplies ample basis for a determination that the road will be "approximately" at right angle to the road it joins for one hundred feet, and that the "other condition" of efforts to preserve tall trees and follow natural contours at the entrance accounted in part for the deviation.
Since the regulation itself allowed the Commission CT Page 6691 discretion to except roads that were "approximately" at right angles, rather than exactly so, and since the Commission had evidence from which it determined that the sight lines were adequate, the Commission cannot be found to have failed to apply 2(i) of the subdivision regulations.
The appellants further contend that the Commission modified the road requirement without explicitly proposing a modification and taking a separate vote to modify, pursuant to Chapter X of the subdivision regulation. Since the court finds that the Commission did not waive or grant a modification of the application of 2(i) but found that the requirement of an approximate right angle was met, Chapter X is inapplicable.
The court does not find that the Commission acted illegally, arbitrarily, or in abuse of its discretion in finding the approximation to be sufficient.
IV. Listing of Abutters on Survey
The final ground raised by the appellants is that the Commission granted the Zakoworotny subdivision plan even though the application failed to comply with a section of the subdivision regulations, Chapter IV 2(d), that states
 The Plan shall show the following information: . . . (d) Names and mailing addresses of present record owners of abutting properties (including those across the street); name(s) and approval date(s) of any abutting subdivision.
The appellants' argument appears to be based on the premise that the "plan" is the subdivision map. "Plan" is defined in the regulations as having the same meaning as "Subdivision Plan." That term is defined, on page 4 of the regulations, as "The map, drawing or drawings, and all required supporting data upon which the subdivider's plan of subdivision is presented to the Commission for approval and which, if approved, will be recorded in the Office of the Town Clerk" [emphasis supplied].
One of the submissions of the applicant, Record Doc. 3, is a handwritten list of abutting landowners and their mailing addresses, which appears to have been part of the plan submitted. The appeal filed by the appellants does not identify any further CT Page 6692 abutting landowners not included on that list, and the Commission has denied those paragraphs of the appeal that allege noncompliance with the requirement at issue. The record does not reveal that the names listed in Record Doc. 3 do not include all of the abutting landowners or that there are abutting subdivisions. The appellants did not move to supplement the record to establish that the plan submitted failed to identify all owners of abutting properties, and the transcript of the hearing does not indicate that the Commission was ever advised that the list identified as Record Doc. 3 is incomplete.
The appellants have failed to establish that the plan approved did not comply with Chapter IV 1(d) of the Woodbridge zoning regulations. In the absence of actual evidence of failure to comply with requirements concerning information to be included in a subdivision application presented to zoning commissions, the courts will not "indulg[e] in a microscopic search for technical infirmities in their actions"; Frito-Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554, 573 (1988); Silver Lane Pickles Co. v. Zoning Board of Appeals, 143 Conn. 316, 319
(1956), especially since the transcript of the hearing reveals that abutting landowners, including those across the street from the proposed subdivision, testified before the Commission (Tr. 5/4/92, pp. 30-34, 49-52, 58-60, 61-63; 6/1/92, pp. 17-20).
Conclusion
The appellants have failed to establish that the Commission acted illegally, arbitrarily, or in abuse of its discretion in any of the ways claimed. The appeal is therefore dismissed.
Beverly J. Hodgson Judge of the Superior Court