[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
Alan Weiner and Sandra Weiner, plaintiffs in Docket No. CV01-03427565, instituted an action against Clareann Walsh and the Brookfield Inland Wetlands Commission, seeking relief in the nature of a writ of mandamus.
Sandra Weiner is the owner of the property known as 19 Dorset Lane, Brookfield, while Alan Weiner is a contract purchaser.
They seek an order of the court requiring the defendant, Clareann Walsh, the land use Enforcement Officer of the Town of Brookfield, to issue a zoning permit to the plaintiffs.
They further seek an order, directed to the Brookfield Inland Wetlands Commission, directing that body to issue a declaratory ruling or finding concerning whether a permit is necessary in order for the plaintiffs to conduct a proposed nursery operation.
In the second appeal, Docket No. CV01-03427555, the plaintiff, Acorn Homes, Inc., seeks the issuance of a writ of mandamus ordering the defendant, Clareann Walsh, to issue a zoning permit concerning property on Elbow Hill Road, Brookfield.
The plaintiff sought the zoning permit in conjunction with a proposal to construct a single-family dwelling at the location.
 FACTS — 19 DORSET LANE
On June 29, 1999, the plaintiffs applied to the defendant, Clareann Walsh, for a zoning permit authorizing the construction of a building on the property.
The building was to be used as a nursery.
The plaintiffs contend that both § 22a-40 of the General Statutes and § 220-5A-1 of the regulations of the Brookfield Inland Wetlands Commission recognize a nursery as a permitted use in a wetlands area.[1]
CT Page 7256
On October 4, 1999, Clareann Walsh refused to issue the zoning permit, stating that the plaintiffs had not obtained either a declaratory ruling or a permit to conduct a regulated activity from the Brookfield Inland Wetlands Commission.
No appeal was taken from that refusal to issue the permit.
On June 24, 1999, prior to applying for the zoning permit, the plaintiffs filed an application with the wetlands commission, claiming that the operation of a nursery was permitted as of right.
The plaintiffs claim that the Brookfield Inland Wetlands Commission has failed to act on the request for a declaratory ruling, although the application was complete in every respect.
 FACTS — ELBOW HILL ROAD
Regarding the fifty-two acre parcel on Elbow Hill Road, mandamus is sought concerning the refusal of Clareann Walsh to issue a zoning permit.
The history of the parcel reveals that on July 24, 1990, a permit was issued by the wetlands commission allowing the construction of a driveway.
No work was performed until May 25, 2000, when Acorn Homes, Inc. began constructing a driveway designed to service a single-family residence.
On May 26, 2000, a cease and desist order was issued, directing Acorn Homes, Inc. to stop its clearing activities on the parcel.
That cease and desist order was appealed to the Brookfield Inland Wetlands Commission, which upheld the order.
An appeal to the Superior Court followed, and the court upheld the Commission's decision to sustain the cease and desist order. AcornHomes, Inc. v. Town of Brookfield Inland Wetlands Commission, Superior Court, judicial district of Danbury, Docket No. 339670 (March 15, 2001, Adams, J.)
On July 1, 2000, Acorn Homes, Inc. applied for a zoning permit.
The permit was denied by the defendant, Clareann Walsh, and no appeal from that action was taken prior to the initiation of this request for a writ of mandamus. CT Page 7257
The defendants have moved to dismiss both actions, claiming that the court lacks subject matter jurisdiction.
 MOTION TO DISMISS — STANDARD OF REVIEW
A motion to dismiss filed pursuant to Practice Book § 10-31 is the proper vehicle for asserting a claim that the court lacks subject matter jurisdiction.
Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Figueroa v. CS Ball Bearing, 237 Conn. 1, 4 (1996).
Unlike jurisdiction over the person, or insufficiency of process or service of process, subject matter jurisdiction cannot be waived and may be raised at any time. Gagnon v. Planning Commission, 222 Conn. 294, 297
(1992); Practice Book § 10-433.
The purpose of a motion to dismiss is to determine based on the record whether the court lacks jurisdiction. Pearson v. Bridgeport Hydraulic Co.,141 Conn. 646, 648 (1954); Upson v. State, 190 Conn. 622, 624 (1983).
Because a claim that a plaintiff failed to exhaust available administrative remedies implicates the subject matter jurisdiction of the court, it is properly raised by way of a motion to dismiss. ConcernedCitizens of Sterling v. Sterling, 204 Conn. 551, 556 (1987); Johnson v.Department of Public Health, 48 Conn. App. 102, 108 (1998).
If an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter.LaCroix v. Board of Education, 199 Conn. 70, 83-84 (1986).
The failure to exhaust an administrative remedy is also grounds for denying relief in the nature of a writ of mandamus. Juliano v. Farrell,196 Conn. 283, 286 (1985).
 MANDAMUS — STANDARD APPLIED
Mandamus is an extraordinary remedy designed to enforce the performance of a plain, positive duty when the person against whom the writ is directed is under a plain, positive duty to perform the act compelled.Gerrity v. Bisciglia, 178 Conn. 235, 238 (1979).
An essential prerequisite for the issuance of a writ is the absence of any other sufficient remedy. Beninato v. Zoning Board of Appeals,8 Conn. App. 556, 561-62 (1986). CT Page 7258
Issuance of a writ has been confined to those situations in which an aggrieved party has no remedy, either at law or in equity. MilfordEducation Association v. Board of Education, 167 Conn. 513, 519 (1975).
When a party has a statutory right of appeal from an administrative agency or decision, he may not, instead of appealing, bring an independent action designed to test the very issue which the appeal was designed to test. UpJohn Co. v. Zoning Board of Appeals, 224 Conn. 96,102 (1992); Carpenter v. Planning Zoning Commission, 176 Conn. 581, 598
(1979).
 PLAINTIFF HAD A RIGHT TO APPEAL THE DENIAL OF A ZONING PERMIT TO THE BROOKFIELD ZONING BOARD OF APPEALS
The defendant, Clareann Walsh, the Land Use Enforcement Officer of the Town of Brookfield, is the official charged with issuing zoning permits.
Section 8-6 (a)(1) of the General Statutes provides that a municipal zoning board of appeals has power "to hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any by-law, ordinance or regulation adopted under the provisions of this chapter. . . ."
The plaintiff, Acorn Homes, Inc., appealed the cease and desist order of the defendant, Clareann Walsh, to the Inland Wetlands Commission after it was issued on May 26, 2000.
It chose not to appeal to the zoning board of appeals following the refusal to issue a zoning permit on July 6, 2000, while contesting a cease and desist order before the Brookfield Inland Wetlands Commission.
Concerning the Dorset Lane property, the plaintiffs similarly eschewed appeal to the Brookfield Zoning Board of Appeals concerning the refusal to issue the zoning permit on October 4, 1999.
In both instances, an avenue of appeal was open to the plaintiffs had they chosen to exercise that right in a timely fashion. See General Statutes § 8-7d.
The failure to exhaust an available remedy renders resort to a writ of mandamus inappropriate and the actions subject to dismissal.
 MANDAMUS MAY BE APPROPRIATE TO COMPEL
CT Page 7259 CONSIDERATION AT A MEETING
In count two of their complaint directed to the Brookfield Inland Wetlands Commission, the plaintiffs, Alan and Sandra Werner, claim that the Commission failed to act upon their request for a declaratory ruling, although the request was properly presented with all necessary information.
The notion that a property owner must obtain a decision from a municipal land use body before seeking review in the Superior Court is well established. Borden v. Planning Zoning Commission,58 Conn. App. 399, 405 (2000).
A writ of mandamus is a proper remedy to compel a municipal land use agency to conduct a hearing and to hear an application, because only a decision is appealable. Grasso v. Zoning Board of Appeals,69 Conn. App. 230, 240-41 (2002).
Count two does not involve an order of a zoning official, and the appeal provisions of § 8-6 of the Connecticut General Statutes are not implicated.
In order to prevail on count two, the plaintiffs must demonstrate that the law imposes a mandatory duty upon the Brookfield Inland Wetlands Commission to hear the plaintiffs' request, that they have a clear legal right to a decision, and that no other specific remedy is available.Grasso v. Zoning Board of Appeals, supra, 249.
Based upon a review of the pleadings and depending upon the proof at trial, the plaintiffs may be able to demonstrate their right to a decision on their request for a declaratory ruling.
Although this does not mean that the plaintiffs will necessarily prevail, they are entitled to present proof concerning their right to a declaratory ruling from the defendant, Brookfield Inland Wetlands Commission.
Therefore, the motion to dismiss, as to count two, must be denied.
The record does not reflect that any issue concerning use of the property as a nursery had previously been the subject of a court appeal.
 CONCLUSION
As to Docket No. CV01-03427555, the motion to dismiss of the defendant, Clareann Walsh, is GRANTED. CT Page 7260
As to Docket No. CV01-03427565, the motion to dismiss of the defendant, Clareann Walsh, as to count one, is GRANTED.
The motion to dismiss count two, pertaining to the Brookfield Inland Wetlands Commission, is DENIED.
 ___________________ Radcliffe, J.