## KAYS, INC. *v.* BOARD OF TAX REVIEW OF THE CITY OF NEW HAVEN

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 8—decision released March 30, 1976

*Edward F. Kunin,* for the appellant (plaintiff).

*William B. Ramsey,* special assistant corporation counsel, with whom, on the brief, were *Roger J. Frechette,* corporation counsel, and *Charles G. Albom* and *Stephen G. Friedler,* assistant corporation counsels, for the appellee (defendant).

BOGDANSKI, J.  The plaintiff appealed to the Court of Common Pleas from the action of the city assessor and the board of tax review of New Haven, alleging that the valuation placed on its property by the assessor was too high; that the assessment of the property was disproportionate when compared with that of other properties in violation of § 12-119 of the General Statutes; and that New Haven's grand list did not comply with § 12-64 of the General Statutes.  It sought a reduction in the valuation of its property, a refund of overpaid taxes, and a writ of mandamus ordering the assessor to revalue all property located in New Haven. The matter was referred to a state referee, who, exercising the powers of the court, determined that the valuation placed on the property by the assessor was too high, and that, as a consequence, the plaintiff was entitled to recover overpaid taxes for the years 1972 and 1973.  The plaintiff appealed from the judgment to this court, assigning error in the court's failure to find certain facts, in its conclusions, and in its refusal to issue the writ of mandamus.

The finding reveals that on October 1, 1972, and October 1, 1973, the plaintiff was the lessee of premises located in New Haven, and was obligated under the lease to pay the real estate taxes thereon.  General Statutes § 12-64 provides that property such as that leased by the plaintiff "shall be liable to

taxation at a uniform percentage of its true and actual valuation, not exceeding one hundred per cent of such valuation." The assessment standard for each parcel of realty in New Haven was 60 percent of its market value as of June 1, 1964, the date of the most recent revaluation. The assessor fixed the market value of the property leased by the plaintiff at $310,000, and the assessed value at $186,000. The court, however, found that the "present true and actual valuation" of the property in 1972–73 was $271,000, and that the assessed value should have been reduced to 60 percent of that amount, or $162,000. It ordered a refund of the overpaid taxes.

In this court, the plaintiff does not contest the valuation or assessment on its property as found by the trial court. Its main grievance is that even though the value fixed by the court represents the true market value of the property for 1972 and 1973, its assessment is still disproportionate when compared to the assessed value of other properties located in the city of New Haven. The plaintiff claims that this is so because most property values in New Haven have increased substantially since 1964, and that, because of that fact, the majority of assessments, which are based upon 60 percent of 1964 values, are substantially less than 60 percent of present values, while the plaintiff's property is assessed at 60 percent of its present value. It is urged that since § 12-64 of the General Statutes requires that assessments be based upon a *uniform percentage of present value,* and not of the 1964 value, a writ of mandamus should issue ordering the assessor to revalue all property located in New Haven.

We do not agree. A writ of mandamus may issue only where a plaintiff has a clear legal right to

compel the performance of a purely ministerial duty, and when the plaintiff is without other adequate remedies. See, e.g., *Cleary* v. *Zoning Board,* 153 Conn. 513, 518, 218 A.2d 523; *Andrews* v. *New Haven,* 153 Conn. 156, 159, 215 A.2d 102. Section 12-64 is concerned with the manner of taxation, not the frequency of valuation, and it does not purport to require assessors to be updated on their valuations at all times. Even the plaintiff concedes that, as a practical matter, assessors cannot be expected to revalue every year, even though changes which affect property values may occur within a given year.

The assessor's duty to revalue is set out in General Statutes § 12-62 (significantly amended in 1974) which, at the time of the present action, read in relevant part: "The assessors of all towns . . . and cities . . . shall, during each period of ten years after February 1, 1930, view all of the real estate of their respective municipalities, and shall revalue the same for assessment . . . ." This court has construed that statute to require a general revaluation within each decade: from 1930 to 1940, from 1940 to 1950, and so forth, and we are presented with no persuasive reasons to depart from that interpretation. *State ex rel. Eastern Color Printing Co.* v. *Jenks,* 150 Conn. 444, 447, 190 A.2d 591; *Conzelman* v. *Bristol,* 122 Conn. 218, 188 A. 659. Since the last revaluation in New Haven took place in 1964, another revaluation would not have been required under § 12-62 (as in effect at the time of this action) until 1979. The issuance of mandamus to require a revaluation of all property in New Haven would have been improper, since there was no ministerial duty to revalue imposed upon the assessor.

Moreover, there was another adequate remedy available to the plaintiff. The plaintiff would have been "entitled to relief under § 12-118 if [it] could prove that [its] property was bearing a disproportionately high tax burden because of the defendant's failure to comply with § 12-64." *Lerner Shops of Connecticut, Inc.* v. *Waterbury,* 151 Conn. 79, 86, 193 A.2d 472. "Under § 12-118, the court is empowered, in an appeal from the board of tax review, to grant such relief as 'to justice and equity appertains, upon such terms and in such manner and form as appear equitable.'" Id., 88.

If the plaintiff had produced evidence that "an average, as distinguished from a uniform," ratio of the assessed value of properties to their present market values fell below 60 percent, and "if that evidence was credited by the trial court and found by it to be adequate to prove a fair approximation of the average ratio or percent of the fair value actually obtaining in the taxing district, an individual assessment could properly be reduced to the percentage computed from that ratio." Ibid; see *In re Kents,* 34 N.J. 21, 30–31, 166 A.2d 763. In the present case, the plaintiff offered the testimony of Walter F. Johnson, an assessor for the city of New Haven, who testified that because the last revaluation took place in 1964, 65 percent of the properties in New Haven were assessed at approximately 45 percent of their 1972-73 actual values; that the remaining 35 percent of the properties were assessed at between 25 and 85 percent of their 1972-73 actual values; but that he could not give an average ratio for the city. The plaintiff has assigned error in the court's failure to find those facts, as well as the fact that "the average parcel

of real property in New Haven is now assessed at forty to forty-five percent of its present market value."

The court found that real estate values had changed in New Haven since 1964; that, in some areas, properties were effectively being assessed at 45 percent of their present values, while in other areas properties were being assessed at a figure greater than 60 percent of their present values, but that an accurate evaluation was not established. It is evident that the trial court determined that Johnson's testimony was not "adequate to prove a fair approximation of the *average* ratio . . . actually obtaining in the taxing district [emphasis added]," and we are presented with no facts showing that determination to have been incorrect.

There is no error.

In this opinion the other judges concurred.