ANTHONY JULIANO *v.* WILLIAM F. FARRELL, CHIEF
OF POLICE OF THE CITY OF NEW HAVEN
(12166)

PETERS, C. J., SHEA, DANNEHY, SANTANIELLO and F. HENNESSY, Js.

Argued March 13—decision released May 14, 1985

*Victor P. Fasano,* for the appellant (plaintiff).

*H. Gordon Hall,* assistant corporation counsel, with
whom, on the brief, was *Charles G. Albom,* corpora-
tion counsel, for the appellee (defendant).

PER CURIAM. The plaintiff sought a writ of manda-
mus directing the defendant chief of police to add his
name to the list of licensed towers of motor vehicles
who are used by officials of the city of New Haven to
perform such services upon request. At the conclusion
of the testimony offered by the plaintiff, the defend-
ant moved, pursuant to Practice Book § 302, for a judg-
ment of dismissal for failure to make out a prima facie
case, and the court rendered judgment accordingly.

From this judgment the plaintiff has appealed, claiming error in the two grounds relied upon by the court: (1) the change in the location of the plaintiff's business since the filing of his original application for inclusion on the "municipal towers list"; and (2) the failure of the plaintiff to exhaust his administrative remedy. We find no error.

Section 29-118[1] of the New Haven code of ordinances provides that the chief of police shall prepare and main-

[1] Section 29-118 of the New Haven Code of General Ordinances provides as follows: "Sec. 29-118. MUNICIPAL TOWERS LIST.

"(a) The chief of police shall prepare and maintain a list of licensed towers who may perform municipal towing services to be called the 'municipal towers list.'

"(b) The municipal towers list shall include all licensed towers in the City of New Haven who apply for inclusion not to exceed seven in number and who meet the following minimum standards:

"(1) The tower shall have sufficient operational capacity to accept and respond to all calls for municipal towing services, including, but not limited to, accidents, abandoned vehicles, parking violations, street cleaning, snow removal, parking bans, and removal of vehicles illegally on private property.

"(2) The tower shall be operational, with an on-premise [sic] employee twenty-four (24) hours per day.

"(3) The tower shall have a minimum of two (2) radio equipped tow trucks on duty.

"(4) The tower shall have storage space available with a minimum of one hundred (100) spaces within the City of New Haven.

"(5) The tower shall have the capacity to tow vehicles with locked transmissions and steering columns and vehicles stripped of their wheels.

"(c) The chief of police may, for cause, suspend or remove from the municipal towers list any licensed tower who is in violation of application rules and regulations or any provision of this article, after due notice in writing to the tower and the hearing before the chief of police to be held, if requested by the tower, not less than three days after the date or [sic] such notice. Any denial of an application for inclusion upon such list may be appealed in the matter provided in section 17-13 of this Code.

"(d) The chief of police shall rotate or assign municipal towing services among the towers of the municipal towers list on a reasonably fair, equitable and nondiscriminatory basis consistent with the capacity and location of each tower, the needs of the City and the protection of the public.

"(e) The chief of police shall at all times keep and maintain exact records of each municipal towing service rendered including the date and nature thereof, in accordance with this article. (Ord. of 12-6-71)."

On January 5, 1982, subsection (b) of this ordinance was amended by deleting the word "seven" and inserting the word "nine."

tain a list of licensed towers who may perform municipal towing services. The municipal towers list includes licensed towers in New Haven who apply for inclusion, not to exceed nine in number. Applicants must meet certain minimum standards relating to operational capacity, including a requirement that they have available a storage area located in New Haven for at least one hundred vehicles.

On January 7, 1982, the plaintiff's attorney sent a letter purporting to be a formal application for inclusion of the plaintiff on the municipal towers list and referred to his business as being located at 200 Sargent Drive in New Haven. Apparently the occasion for this application was a recent amendment of the ordinance that changed the maximum number of towers on the list from seven to nine. The defendant replied that despite the amendment, he had no intention at that time of increasing the number of towers above seven. In his mandamus action the plaintiff claimed that the defendant had no discretion to set the number of towers on the list at fewer than the number specified as a maximum in the ordinance.

At the time of trial the plaintiff had moved his location from 200 Sargent Drive, as given in his application, to another New Haven address, 465 Boulevard. It also appeared that the plaintiff had never attempted to utilize the formal hearing procedure set forth in § 17-13[2] of the New Haven code for appealing a denial of an application by the chief of police.

---

[2] Section 17-13 of the New Haven code provides as follows: "Section 17-13. DENIAL, REVOCATION OF LICENSES UNDER POLICE DEPARTMENT.

"The following provisions concerning denial of application or refusal of license and revocation of license shall apply to all licenses issued by the police department:

"(a) DENIAL OF APPLICATION OR REFUSAL OF LICENSE. In case of the denial of an application or refusal to issue or renew a license, because of the disapproval of the chief of police, the chief of police shall notify the applicant of such action and the chief of police shall set a day and place

"Mandamus is an extraordinary remedy designed to enforce the performance of a plain positive duty, and, as such, the writ will properly issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled." *Gerrity* v. *Bisciglia,* 178 Conn. 235, 238, 423 A.2d 871 (1974). Regardless of whether his stated reason for denying the plaintiff's application was sound, the defendant had no legal duty at the time of trial to grant that application, because it related to the location at 200 Sargent Street no longer occupied by the plaintiff. No application for the new location had ever been submitted to the defendant.

The failure to exhaust an available administrative remedy is also a proper ground for denying mandamus. *Kays, Inc.* v. *Board of Tax Review,* 170 Conn. 477, 481, 365 A.2d 1207 (1976). "[I]ssuance of the writ has been confined to situations where the aggrieved party has no adequate remedy either at law or in equity." *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 519, 356 A.2d 109 (1975). The plaintiff claims that the appeal procedure prescribed by the ordinance would have been fruitless in view of the defendant's position that the amendment did not require an increase in the number of towers on the list. See *Greenwich* v. *Liquor Control Commission,* 191 Conn. 528, 542, 469 A.2d 382 (1983). We cannot assume that the defendant would have adhered to his original interpretation of the ordinance upon a formal hearing, where he might have had the opportunity to obtain legal advice. Furthermore, a decision reached following the hearing could have been appealed to the court pursuant to § 29-116[3] of the

for a hearing thereon, if requested by the applicant, giving the applicant a reasonable notice in advance thereof and an opportunity to be represented by counsel at such hearing."

[3] Section 29-116 of the New Haven code provides as follows: "Any tower aggrieved by the revocation or denial of any application by the Chief of Police under Section 29-111, 29-114 or 29-118 may appeal such decision

code and General Statutes § 51-197b. "Mandamus does not lie except where there is no other adequate remedy in the ordinary process of the law." *Basney* v. *Sachs,* 132 Conn. 207, 209, 43 A.2d 449 (1945).

There is no error.

In this opinion the other judges concurred.

within fifteen (15) days from notice of such decision to the court of common pleas for New Haven County at New Haven pursuant to the provisions of 52-7 of the 1973 Revision of the Connecticut General Statutes."