GENEVIEVE PORTER *v.* TOWN OF EAST
HAMPTON ET AL.
(7019)

BORDEN, O'CONNELL and FOTI, Js.

Argued March 14—decision released May 2, 1989

*Samuel B. Feldman,* with whom, on the brief, was *Robert K. Webber,* for the appellant (plaintiff).

*Patricia A. Horgan,* for the appellees (defendants).

PER CURIAM. The East Hampton planning and zoning commission amended that town's zoning regulations and the plaintiff attempted to appeal the resulting change of zone to the town zoning board of appeals. When the zoning board of appeals refused to schedule a hearing on the attempted appeal, the plaintiff sought

a writ of mandamus to compel the board to hold a hearing. The trial court dismissed the action for lack of subject matter jurisdiction. We find no error.

Local planning and zoning commissions have both administrative and legislative powers. When establishing zones, a local zoning authority is acting within its legislative capacity. *Parks* v. *Planning & Zoning Commission,* 176 Conn. 657, 660, 425 A.2d 100 (1979). Local zoning boards of appeal have no authority to hear appeals from planning and zoning commissions when the latter are acting within their legislative capacity. See General Statutes § 8-6.

"Mandamus is an extraordinary remedy designed to enforce the performance of a plain positive duty, and, as such, the writ will properly issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled." *Juliano* v. *Farrell,* 196 Conn. 283, 286, 492 A.2d 187 (1985). Because the zoning board of appeals lacked authority to hold the hearing sought, the trial court was correct in dismissing the plaintiff's petition for a writ of mandamus.

There is no error.