BARBARA MEYERS ET AL. *v.* TOWN
OF WESTPORT ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 0104065S
STAMFORD

Memorandum filed October 30, 1989

*Barry J. Boodman,* for the plaintiffs.

*Goldstein & Peck,* for the defendants.

FLYNN, J. The plaintiffs, Barbara Meyers and Paula Armstrong, seek to have the defendants, the town of Westport and Joan Hyde, the Westport town clerk, show cause why their names should not be placed on the ballot for the November 7, 1989 election as candidates for the Westport representative town meeting.

This action was filed after the town clerk notified both of the plaintiffs that their petitions for placement on the ballot were being rejected because, as Westport town employees, they had access to confidential information and, therefore, were part of the executive branch of the town government. Further reasons for their rejection were set out in an attached letter from the town's attorney.

Meyers is employed as the secretary to the town attorney and his assistant, while Armstrong is a secretary in the comptroller's office. Westport has not adopted a merit system as authorized by chapter 113 of the General Statutes and, therefore, neither plaintiff is a classified employee.

It is not contested that, apart from the town clerk's claim that the plaintiffs are ineligible because of their particular secretarial functions, the plaintiffs' petitions otherwise meet the legal requirements for placement of their names on the election ballot.

Representative town meeting elections in Westport are nonpartisan in that the town charter provides for a petition nomination process and the candidates so nominated by petition do not run under any party label. The town clerk has no discretion in the matter. If the petition meets all the proper requirements of law, the clerk's duty is to certify the petition for nomination and to place the name on the ballot.

The temporary mandamus application is granted, because the defendants are not authorized by either the General Statutes or the state constitution to bar these employees from running for election for public municipal office.

The plaintiffs claim that a town or city has only those powers delegated by the General Assembly and that no statute authorized the town of Westport to prohibit

unclassified employees like the plaintiffs from running for the representative town meeting. They further claim, therefore, that the town clerk is without power to reject the plaintiffs' petitions.

The defendants contend that an express town charter provision, § C5-2 (C), provides in pertinent part that "no person holding any salaried office or position in the government of the Town . . . shall be eligible for election as a member of the Representative Town Meeting . . . ." and that that provision bars the nomination of either plaintiff. The defendants further maintain that because the plaintiffs have access to confidential information and are an integral part of the executive branch of town government, they are ineligible to run.

Temporary orders of mandamus are authorized under § 544 of the rules of practice. Orders of temporary mandamus may issue only when the following four conditions are satisfied: (1) there is no other adequate remedy; (2) irreparable harm has been shown; (3) the law imposes a mandatory, not discretionary, duty on the party against whom the writ is sought; and (4) the party who is seeking the writ of mandamus has a clear legal right to have the duty performed.

There is little question that there is no other adequate legal remedy available to the plaintiffs. If they are not placed on the ballot in time to be voted upon for the 1989 election by an order of mandamus, no other remedy exists to which they may resort, at their option, fully or freely without let or hindrance. *Juliano* v. *Farrell,* 196 Conn. 283, 287, 492 A.2d 187 (1985); *Wheeler* v. *Bedford,* 54 Conn. 244, 249, 7 A. 22 (1886). The plaintiffs' objective is to be placed on the ballot.

While the rule is that mandamus also will not lie if there is an adequate equitable remedy, the plaintiffs have requested injunctive relief. There are situations, and this appears to be one, where the use of one rem-

edy rather than the other involves a matter of semantics. *Monroe* v. *Middlebury Conservation Commission,* 187 Conn. 476, 481, 447 A.2d 1 (1982).

Irreparable harm has been shown by the plaintiffs. The election of 1989 will come and go, and, if the plaintiffs have a right to be on the ballot but that right is denied to them, no other remedy will afford them adequate redress.

The duty that the plaintiffs seek to have performed is mandatory and not discretionary. Subsections B, C and D of § C5-4 of the Westport town charter set out the procedures to be followed by the town clerk in certifying nominations. Section C5-2 sets out the qualifications for election and it provides: "Qualifications for election. Each Representative Town Meeting member shall be an elector of the Town and a resident of the voting district from which elected. No person holding any salaried office or position in the government of the Town, no elected official of the Town, no member of any elected or appointed board or commission of the Town and no official of the Probate or any state court shall be eligible for election as a member of the Representative Town Meeting unless their respective terms of office shall have ended at the same election. No member of the Representative Town Meeting shall hold any such salaried office or any such elected, appointed or court position. The Representative Town Meeting shall be the judge of the election and qualification of its members."

For the reasons set out hereafter, the court rules that this provision is invalid insofar as it purports to prevent the plaintiffs' nomination because of their municipal employment status.

Subsections B, C and D of § C5-4 of the charter require little comment because the town clerk concedes that all their requirements, including that of twenty-

five signatures on written forms, have been met. Nowhere in the provisions of those subsections is there any discretion for the town clerk to certify a candidate. Subsection D provides: "The Town clerk shall, at least 28 days before such election, certify the names of candidates nominated in accordance with this Charter to the Secretary of State." The town clerk's duties with respect to the nomination of representative town meeting candidates are ministerial, not discretionary.

This brings the court to the last consideration, and largest issue in the case, namely, whether the plaintiffs have established a "clear legal right to be certified and placed on the ballot."

The defendants declare they have the authority to limit town employees running for local office under General Statutes § 7-421b entitled "Limitation on restrictions of political rights of municipal employees," which provides: "Notwithstanding any general statute, special act or local law, ordinance or charter to the contrary, any municipality which has not adopted a merit system shall not impose restrictions on the political rights of its employees other than those in section 7-421." Thus, any restriction authorized by § 7-421b must be expressed in General Statutes § 7-421.

The defendants further allege that since § 7-421 provides that "any municipal employee may be a candidate *for municipal office in a political partisan election,*" and since Westport's representative town meeting nomination and election process is nonpartisan, Westport, by charter, can restrict its employees from running. (Emphasis added.)

General Statutes (Rev. to 1983) § 7-421 (b) provided: "A person employed in said classified service retains the right to vote as he chooses and to express his opinions on political subjects and candidates and shall be free to participate actively in political management and

campaigns. Such activity may include but shall not be limited to, membership and holding of office in a political party, organization or club, campaigning for a candidate in a partisan election by making speeches, writing on behalf of the candidate or soliciting votes in support of or in opposition to a candidate and making contributions of time and money to political parties, committees or other agencies engaged in political action, except that no classified employee shall engage in such activity while on duty or within any period of time during which such employee is expected to perform services for which he receives compensation from the municipality, and no such employee shall utilize municipal funds, supplies, vehicles or facilities to secure support for or oppose any candidate, party, or issue in a political partisan election. Notwithstanding the provisions of this subsection, *no person employed in the classified civil service shall be a candidate for elective office in a political partisan election."* (Emphasis added.)

Public Acts 1984, No. 84-532 changed the language of this last sentence to read: "Notwithstanding the provisions of this subsection, any municipal employee may be a candidate for a municipal elective office in a political partisan election."

Under § 7-421, municipal classified employees of towns which had adopted merit systems were not prevented from running in *nonpartisan* elections prior to adoption of Public Acts 1984, No. 84-532. After its adoption, they were not prevented from running in partisan elections either. The legislative history makes this clear. Therefore, because under § 7-421 (b) classified merit system employees cannot be barred, under § 7-421b unclassified nonmerit system employees cannot be barred.

The proceedings of the Senate for May 21, 1984, quote Senator Richard F. Schneller, debating Public Acts 1984, No. 84-532: "Mr. President, I just want to say that I think that everyone should have the opportunity to run for public office. I don't think that a person, just because they're an employee of a municipality, should be discriminated against because they happen to work in a city that might have a charter provision that precludes them from doing that. I think that's un-American and I think that anyone who wants to run for public office should be given that privilege. Thank you." 27 S. Proc., Pt. 7, 1984 Sess., p. 2696.

When an amendment that would again have disqualified classified employees from participating in local elections was unsuccessfully proposed in the Senate after the bill was returned from the House, Senator Joseph H. Harper, Jr., in speaking against the amendment, said: "The Amendment guts the Bill. The intent of this legislation which has been on this calendar perhaps longer than any other item in this session, clearly intends to allow classified and now with the previous Amendment adopted from the House, unclassified municipal employees to run for office." 27 S. Proc., Pt. 9, 1984 Sess., pp. 3456–57.

Speaking on the House floor, Representative Doreen M. Del Bianco, in urging adoption of Public Acts 1984, No. 84-532, said: "This amendment provides state, municipal and judicial employees the right to run for municipal office, irrespective of any charter, special act, or ordinance to the contrary. It would establish parity statewide as to the question of these employees being allowed to run.

"Currently 52 towns do not allow the employees to run for office, so that it would no longer penalize these employees based on where they live." 27 H.R. Proc., Pt. 18, 1984 Sess., p. 6424.

The court rejects the town's argument. Its acceptance would mean that municipal employees could take part in a partisan election as candidates, but not in a nonpartisan election. The legislature neither said nor intended that.

General Statutes § 7-193 permits a town to specify the method by which persons are elected to the town's legislative body, but not candidate qualifications. *Buonocore* v. *Branford,* 192 Conn. 399, 403, 471 A.2d 961 (1984). No other statute permits a town to disqualify salaried employees from running for the representative town meeting legislative body.

The arguments raised by the town that the separation of powers doctrine or the need for confidentiality prevent the plaintiffs from running, simply have no legal basis.

For all of these reasons, the plaintiffs have established their right to a temporary writ of mandamus.