[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs are Leo Fedus Sons Construction, Inc., Michael T. Fedus and Theodore L. Fedus. The defendants are the Zoning Board of Appeals of the Town of Colchester and Robert Bourassa, Chairman.
The plaintiffs allege the following in their complaint: On June 5, 1989, the plaintiffs submitted an application to the Colchester Zoning and Planning Commission for approval of a site plan for the construction of a bituminous concrete (asphalt) plant on plaintiffs' property.
On August 10, 1989, the Zoning and Planning Commission denied plaintiffs' site plan application. On September 1, 1989, the plaintiffs filed an application with the defendant Zoning Board of Appeals appealing the Zoning and Planning Commission's decision. This application was officially received by the defendant Zoning Board of Appeals at its next regularly scheduled meeting held on September 21, 1989. A public hearing on plaintiffs' appeal application to the defendant Zoning Board of Appeals was scheduled for CT Page 2765 November 9, 1989. A letter from the defendant Zoning Board of Appeals dated November 3, 1989 was sent to plaintiffs, advising them that the November 9, 1989 hearing was cancelled. No hearing was ever held on plaintiffs' application to the defendant Zoning Board of Appeals and no decision was ever rendered by the defendant Zoning Board of Appeals. None of the parties to this appeal dispute any of the aforesaid facts.
The plaintiff brought this mandamus action by complaint dated December 6, 1989. In their first prayer for relief, the plaintiffs ask the Court to order the defendant Zoning Board of Appeals to issue a certificate approving the plaintiffs' application for site plan approval and to sustain plaintiffs' appeal filed with the defendant Zoning Board of Appeals. In the alternative, the plaintiffs ask that "such other equitable relief may be decreed as the nature if the case may require or as the Court may deem just and necessary."
The defendant Zoning Board of Appeals filed an answer and special defenses dated January 19, 1990. The plaintiffs filed a reply to defendant's special defenses dated May 7, 1990, thereby closing the pleadings.
On June 19, 1990, the plaintiffs filed a motion for summary judgment along with a memorandum of law and supporting documentary evidence. The defendants filed an opposing memorandum of law dated July 12, 1990 along with supporting affidavits. The plaintiffs filed a supplemental memorandum of law dated July 16, 1990.
Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. State v. Goggin,208 Conn. 606, 615-16 (1988); Connecticut Practice Book section 384. A "material fact" has been defined as one which will make a difference in the result of a case. Catz v. Rubenstein,201 Conn. 39, 48 (1986).
The Connecticut Superior Court is empowered to issue a writ of mandamus "in any case in which a writ of mandamus may by law be granted." Connecticut General Statutes section 52-485(a) (rev'd. to 1989). "Mandamus is an extraordinary remedy which is designed to enforce the performance of a plain positive duty . . . ." Sampietro v. Board of Fire Commissioners,200 Conn. 38, 41 (1986) (citations omitted). It is a prerogative writ which will issue only to enforce a clear legal right where the person against whom it is directed is under a legal obligation to perform the act commanded. Id.
"Mandamus is an extraordinary remedy, available in CT Page 2766 limited circumstances for limited purposes." Golab v. New Britain, 205 Conn. 17, 19 (1987).
 It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. The writ is proper only when "(1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy" (citations omitted).
Id.
The defendant Zoning Board of Appeals argues that it has no authority to hear the plaintiffs' appeal on two grounds: first, that the Zoning and Planning Commission purportedly re-interpreted a zoning regulation with the result that at the time of the scheduled Zoning Board of Appeals hearing, an asphalt plant was no longer a permitted use in the subject zone; and second, that the Zoning and Planning Commission's denial of site plan approval is a "discretionary" function not subject to review by the defendant Zoning Board of Appeals.
As to the latter argument, there is case law holding that mandamus ordering a zoning board of appeals to hold a hearing is not proper where the zoning board of appeals lacks authority to hear the appeal because the decision being appealed was rendered by a zoning commission acting within its legislative capacity. See Porter v. East Hampton, 18 Conn. App. 312
(1989) (zoning board of appeals has no authority to hear appeal of amendments to zoning regulations, since zoning commission acts within its legislative capacity when amending regulations.)
Nevertheless, review and issuance of site plan approval by a zoning commission is not a legislative or discretionary function. See Reed v. PZC, 208 Conn. 431, 433
(1988) (when approving a subdivision plan, a zoning commission CT Page 2767 acts in an administrative capacity, not legislative, judicial or quasi-judicial, and exercises no discretion); see also Goldberg v. PZC, 173 Conn. 23, 29 (1977) (site plan review approval is an administrative function); see also Allied Plywood, Inc. v. PZC, 2 Conn. App. 506, 512 (1984) (in reviewing site plan application, zoning commission acts in ministerial capacity, with no discretion beyond determining whether plan complies with regulations). See also Connecticut General Statutes section 8-3(g), which provides: "A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands regulations."
As to the first ground argued by the defendant concerning the Zoning and Planning Commission's purported reinterpretation of permitted uses, the defendant argues that this issue, raised through its special defense, involves disputed issues of fact sufficient to defeat the subject motion for summary judgment. Nevertheless, while there are disputed questions of fact raised by this special defense, they are not material to the issue of whether the plaintiffs have a clear legal right to a hearing before the defendant Zoning Board of Appeals. Even if the Zoning and Planning Commission had re-interpreted the relevant zoning regulation prior to the scheduled Zoning Board of Appeals hearing date, that would not excuse the defendant Zoning Board of Appeals from its statutorily imposed duty to hear all appeals filed with it.
Connecticut General Statutes section 8-7 (rev'd to 1989) provides in pertinent part:
 The concurring vote of four members of the zoning board of appeals shall be necessary to reverse any order, requirement or decision of the official charged with the enforcement of the zoning regulations or to decide in favor of the applicant any matter upon which it is required to pass under any bylaw, ordinance, rule or regulation . . . .
The phrase "official charged with the enforcement of the zoning regulations" has been interpreted to include zoning commissions. Conti v. Zoning Commission, 186 Conn. 106, 114
(1982).
Section 17.1 of the Zoning Regulations of the Town of Colchester provides: CT Page 2768
 APPEALS. Any person may appeal to the Zoning Board of Appeals when it is alleged that there is an error in any order, requirement or decision made by the Commission on the Zoning Enforcement Officer related to the enforcement of these Regulations.
Connecticut General Statutes section 8-7 further provides:
 Such board shall within the period of time permitted under section 8-7d, hear such appeal and give due notice thereof to the parties (emphasis added).
Connecticut General Statutes section 8-7d(a) provides in pertinent part:
 (S)uch hearing shall commence within sixty-five days after receipt of such . . . appeal and shall be completed within thirty days after such hearing commences. All decisions on such matters shall be rendered within sixty-five days after completion of such hearing. (Emphasis added).
Consequently, Connecticut General Statutes section 8-7 imposes on the defendant Zoning Board of Appeals a mandatory duty to hear appeals filed with it within sixty-five days of receiving the appeal.
None of the cases cited by the defendant Zoning Board of Appeals in support of its contention that a subsequent amendment of a zoning regulation excuses a zoning board of appeals from hearing an appeal, in fact so hold. All of the cases cited by the defendant hold that the court may dismiss an appeal as moot if the relevant zoning regulation is validly amended prior to the court's decision on the appeal. See e.g. McCallum v. Inland Wetlands Commission, 196 Conn. 218,223 (1985). Even if this rule is interpreted by the Court to apply to appeals filed with zoning boards of appeals as well as courts, it is noted that "mootness" does not excuse even a court from taking any action at all; instead, the court hearing the appeal must at least make findings that the relevant regulation has been validly amended and that the issue on appeal has been rendered moot thereby. See McCallum,196 Conn. at 223. Therefore, pursuant to Connecticut General Statutes section 8-7, the defendant Zoning Board of Appeals has a clear legal duty to hear the plaintiffs' appeal of the CT Page 2769 Zoning and Planning Commission's denial of site plan approval.
Research reveals no appellate level case law establishing whether the defendant Zoning Board of Appeals' failure to hold a timely hearing entitled the plaintiffs to automatic approval of their site plan and sustaining of the appeal, as the plaintiffs contend, or only to an immediate hearing of their appeal by the defendant Zoning Board of Appeals. There is case law and reasoning supporting the granting of both forms of relief, as discussed in the following analysis.
Connecticut General Statutes section 8-3(g) provides in pertinent part: "Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d."
Connecticut General Statutes section 8-7d(b) provides:
 Whenever the approval of a site is the only requirement to be met or remaining to be met under the zoning regulations for a proposed building, use or structure, a decision on an application for approval of such site plan shall be rendered within sixty-five days after receipt of such site plan.
It is well settled that the sixty-five day rule results in automatic approval (pursuant to Connecticut General Statutes section 8-8(g)) when a planning and zoning commission (or its equivalent), as opposed to zoning boards of appeals, fails to render a timely decision on a site plan application. See, e.g., SSM Associates L.P. v. PZC, 211 Conn. 331 (1989); Gervasi v. Zoning Commission, 184 Conn. 450 (1981); Viking Construction Company v. Town Planning Commission, 181 Conn. 243
(1980); Carr v. Woolwich, 7 Conn. App. 684 (1986) cert. denied 210 Conn. 804; University Realty, Inc. v. Planning Commission, 3 Conn. App. 556 (1985). Nevertheless, the court may find that the automatic approval provision of Connecticut General Statutes section 8-3(g) does not apply to the present situation because: (1) a decision to deny the subject site plan application was rendered within the specified time limit by the Zoning and Planning Commission; and (2) Connecticut General Statutes section 8-3(g) does not on its face apply to appeals of decisions denying site plan approval, but only to the original decisions by the planning and zoning commission.
Further, it is noted that Connecticut General CT Page 2770 Statutes section 8-7d(a), which is the statute requiring zoning boards of appeals to commence hearings within sixty-five days after receipt of the appeal and issue decisions within sixty-five days of completion of the hearing, contains no provision for the consequences of failing to do so. In Donohue v. ZBA, the predecessor to Connecticut General Statutes section 8-7d(a) (which provided: "Said board shall decide such appeal within sixty-five days after the hearing.") was held to be directory rather than mandatory, in part because it did not contain provisions invalidating untimely decisions. Donohue, 155 Conn. 550, 554 (1967).
Similarly, the requirement in Connecticut General Statutes section 22a-44 that an inland wetlands agency "shall" hold a hearing within ten days of issuing a cease and desist order has been interpreted to mean that while the holding of the hearing is mandatory, the time period is directory. Ruotolo v. Inland Wetlands Agency, 18 Conn. App. 440, 448
(1989). Again, it was noted that the statutory provision did not contain language expressly invalidating any action taken by the agency after noncompliance with the statute. Ruotolo,18 Conn. App. at 448.
Consequently, the court may find that the plaintiffs are not entitled to automatic approval of their site plan application on the grounds that the statute creating the right to automatic approval, Connecticut General Statutes section 8-3(g), does not apply to zoning boards of appeals; and the statute which the defendant Zoning Board of Appeals has violated by not holding a timely hearing, Connecticut General Statutes section 8-7d(a), does not expressly provide for automatic approval.
In the alternative, the court may find that Connecticut General Statutes section 8-7s(a) implicitly incorporates the automatic approval provisions of Connecticut General Statutes section 8-3(g) and, therefore, the plaintiffs are entitled to automatic approval of their site plan. In Vartuli v. Sotire, 192 Conn. 353 (1984), the Supreme Court held that the provisions of Connecticut General Statutes section 22-109(e) (which incorporates the time requirements of Connecticut General Statutes section 8-7d(b)), are mandatory rather than directory, so that the failure of the zoning board to render a decision on a coastal site plan application within sixty-five days of the submission of the site plan constitutes automatic approval. Vartuli, 192 Conn. at 365. The Court determined that even though neither Connecticut General Statutes section 22a-109(e) nor 8-7d(b) expressly incorporate the automatic approval provision of Connecticut General Statutes section 8-3(g), the three sections must be read CT Page 2771 together to form a "harmonious and consistent body of law." Vartuli, 192 Conn. at 362. The Court reasoned that since the legislature had expressly linked the review of coastal site plans to the statutory procedure for the review of regular site plans, it would have been anomalous for the legislature to have made the time limitations mandatory for only part of the process. Vartuli, 192 Conn. at 362.
In Carr v. Woolwich, 7 Conn. App. 684 (1986), the Appellate Court reviewed the legislative history of the 1977 Public Act, which extensively amended the zoning statutes, and concluded:
 It is clear from the language, structure and legislative history of the 1977 act, and from its subsequent judicial gloss, that it was intended to make uniform the time periods within which all the zoning and planning matters covered by it were to be heard and decided. It is equally clear that it was intended to make uniform the legal effect of the violation of those time standards.
Carr, 7 Conn. App. at 691-92.
The Court then concluded, in dicta, that the time provisions of Connecticut General Statutes section 8-7d(a) (which covers appeals filed with zoning boards of appeals and which the defendant Zoning Board of Appeals violated by not holding a timely hearing) are mandatory, and if a decision is not rendered within sixty-five days of the hearing, the application is deemed to have been approved. Carr,7 Conn. App. at 693. (N.B.: The Carr decision did not address the specific situation of when no hearing is held at all.)
Both the decisions in Carr and Vartuli noted that the respective statutes (Connecticut General Statutes section 8-7d(a) in Carr and Connecticut General Statutes section 8-7d(b) in Vartuli) provide that the applicant may consent to extensions of the time periods provided therein. The Vartuli court then asked the question,
 If, as the defendants claim, section 8-7d(b) did not mandate a decision by the zoning board within sixty-five days, why would the board ever need the applicant's consent to an extension? "In construing a statute, each part should be treated as significant and necessary; every sentence, CT Page 2772 phrase and clause is presumed to have a purpose." (Citation omitted).
Vartuli, 192 Conn. at 363.
The Carr decision stated, "(I)f General Statutes8-7d(b) is mandatory because of the clause providing for the applicant's consent to an extension of the sixty-five day time period, then General Statutes section 8-7d(a) is equally mandatory" since it contains a similar consent provision. Carr, 7 Conn. App. at 695.
Both the Carr and Vartuli decisions conclude that since the respective statutory time requirements are mandatory, the proper remedy for a zoning authority's violation of them is not to just compel the authority to take immediate action on the plaintiff's application, but to require automatic approval of the application. Vartuli,192 Conn. at 365; Carr, 7 Conn. App. at 695.
 Once it is agreed that the subsection (Connecticut General Statutes section 8-7d(b)) is not merely directory, it makes no sense to read the statute merely to require further board action. The consequence of a statute that imposes a sixty-five day time constraint (in which to issue a decision after receipt of a site plan) is that, when the time has expired, approval of the application is automatic. The applicant whom the statute intends to protect is otherwise left with no more than a Pyrrhic victory.
Vartuli, 192 Conn. at 365.
Based on the reasoning of the Vartuli and Carr decisions, the court may find that although the statute requiring the defendant Zoning Board of Appeals to hold a hearing within sixty-five days after receipt of the plaintiffs' appeal application, Connecticut General Statutes section 8-7d(a), does not expressly provide for automatic sustaining of the appeal and approval of the disputed application upon failure of the defendant Zoning Board of Appeals to hold a timely hearing, the time limit should be construed as being mandatory. If the time limit is construed as being mandatory, the court may find that failure to meet the limit results in automatic approval because to hold otherwise would leave the plaintiff with no more than a "Pyrrhic victory." CT Page 2773
The plaintiffs' motion for summary judgment is hereby granted on the grounds that the plaintiffs have a clear legal right to a hearing before the defendant Zoning Board of Appeals within sixty-five days of submission of their appeal application, pursuant to Connecticut General Statutes section 8-7d(a), and that they have no other adequate remedy at law. There are no disputed questions of fact material to the issue of plaintiffs' entitlement to a timely hearing and defendants' failure to hold one.
The Court hereby orders the defendant Zoning Board of Appeals to hold an immediate hearing on plaintiffs' appeal.
HURLEY, J.