[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISIONRE MOTION FOR RECONSIDERATION ON #113 AND OBJECTION THERETO #115]
The plaintiffs have requested that this court reconsider its decision on their motion to amend their application. The court will clarify the basis for its denial as to the third count of the amended application, since the plaintiffs apparently misunderstand the court's reasoning. The court does not consider the proposed third count of the amended application a claim for damages; rather, the court considers it a claim that "the valuation of the Assessor was grossly excessive, disproportionate and unlawful" based on circumstances in 1992 and that "the Assessor had a duty to perform an interim revaluation of the Premises." Plaintiffs' Proposed Count 3; ¶¶ 6-7. This is an entirely new and different claim than the plaintiffs' allegations in the first two counts challenging the 1987 decennial valuation of their property.
The plaintiff cites [Ralston Purina Company v. Board of TaxReview], 203 Conn. 425, 525 A.2d 91 (1987), as authority for such a mandatory interim revaluation. The Supreme Court in that case held that "under certain circumstances, such as the destruction or expansion of property, a substantial change in its use or zoning classification, or a decision by the taxpayer to go out of business, [the assessor] would be required to conduct an interim revaluation of CT Page 4527 property. . . ." Id., 436. Two other situations where a mandatory interim revaluation may be required are contained in General Statutes § 12-53 (reassessment for new construction) and § 12-64a
(demolition or removal of damaged buildings). See [84 Century LimitedPartnership v. Board of Tax Review], 207 Conn. 250, 259,541 A.2d 478 (1988). The plaintiffs do not allege that any of these circumstances apply in the present case. Moreover, the plaintiffs are bound by their earlier failure to reply to the defendant's request for admissions, and the requests now deemed admitted reflect that none of the [Ralston Purina] circumstances are present.
What the plaintiffs do allege in their proposed third count is that the "true and actual value of the Premises was significantly less than the assessed value as a result of" an alleged breach of a "Parking Agreement," which "resulted in a significant diminution in the value of the Premises." Plaintiffs' Amended Application, ¶ 6. The "Parking Agreement" is currently the subject of a separate civil suit now pending in the Middletown court. This court can find no authority, statutory, case law or otherwise, which requires a tax assessor to revalue a parcel of land allegedly negatively influenced in value by an alleged breach of an alleged parking agreement concerning an adjoining parcel of land, particularly when the party bringing the claim has yet to prove in another pending civil action the terms of the agreement and whether any breach has actually taken place. Even assuming, arguendo, that the alleged agreement has been breached and that the plaintiffs' property value has been diminished thereby, this court is still left with the conclusion that the assessor has no duty to perform an interim revaluation in these circumstances. "`[A]s a practical matter, assessors cannot be expected to revalue each year, even though changes which affect property values may occur within a given year.'" [Uniroyal, Inc. v. Board of Tax Review],182 Conn. 619, 629-30, 438 A.2d 782 (1981); quoting [Kays, Inc. v.Board of Tax Review], 170 Conn. 477, 480, 365 A.2d 1207 (1976).
As for plaintiffs' assertion that such an argument should be made in the context of a motion to strike, the court notes that an amendment under Practice Book § 176 rests in the sound discretion of the trial court. [Farrell v. St. Vincent's Hospital], 203 Conn. 554,561-62, 525 A.2d 954 (1987). The plaintiffs' proposed third count is inappropriate in the present tax appeal. Accordingly, the defendant's objection is sustained.
JOHN WALSH, J. CT Page 4528