[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff brings this action as an administrative appeal from the doings of the State of; Connecticut State Employees Retirement Commission. The defendant moves to dismiss the action on two bases. First, that the appeal taken is not from a final decision. Second, that this is not a UAPA contested case.
 I
From the information submitted with the briefs the following procedural sequence appears to have taken place. On April 8, 1996 the Medical Examining Board made its finding that "the applicant is in fact disabled from performing the duties of her classification but cannot find for service-connection." Apparently a person identified as Judy Tancredi, Coordinator Disability Retirement, forwarded a copy of the fact finding of the Medical Examining Board to the plaintiff and her attorney. It is unclear as to what is the capacity of Ms. Tancredi as her signature in correspondence appears to be "State Employees Retirement Commission, Nancy Wyman, Secretary Ex Officio by Judy Tancredi, Coordinator Disability Retirement."
As to whether this constitutes an actual decision of the State Employees Retirement Commission may be debatable. General Statutes § 5-155a(j) requires that "any such claim will be CT Page 1343 reviewed and decided by the Commission." Hence there may be doubt as to whether the Commission did in fact determine this claim. The parties have however chosen to treat this purported decision as an actual decision of the Commission. For the purposes of this motion the court will treat that communication accordingly.
The plaintiff by her attorney, through a letter dated April 30, 1996 "requests that the decision of the Board to deny her a service-connected disability be reviewed and reconsidered by the Commission." On May 9, 1996 plaintiff's attorney wrote to Ms. Tancredi a correcting letter stating "My request is for a review and reconsideration before the Commission". This letter was in response to a letter from Ms. Tancredi, quoting General Statutes § 5-169 (d), which provides: "(d) No reconsideration of a decision concerning eligibility for a disability retirement allowance or discontinuance shall be made by the board unless, upon application to the board for a redetermination, discloses additional facts concerning his condition at the date of termination of employment."
Finally, on June 11, 1996 Ms. Tancredi wrote to Atty. Schiller. The letter states, in part, as follows: "We recognize that we have not yet formally responded to your inquiry regardingreconsideration of Ms. Ausburger's service-connected disability retirement application."
As the matter presently stands the Connecticut State Employees Retirement Commission has not determined the plaintiff's request for review and reconsideration. General Statutes § 5-155a(k) now provides as follows: "If any claim is denied, a claimant may request that the decision be reviewed and reconsidered by the commission. Thereafter any such case shall be decided as a contested case in accordance with Chapter 54." General Statutes § 5-155b provides "The State Employees Retirement Commission shall adopt regulations . . . to review and reconsider decisions to deny claims submitted to the commission . . . ."
The Connecticut State Employees Retirement Commission has not determined whether it will grant review and reconsideration by the Commission. The right of the plaintiff to petition the Commission for review and reconsideration is specifically provided by General Statutes § 5-155a(k). Implicit in the right to request review and reconsideration is the right of the claimant to have the Commission determine whether it will grant CT Page 1344 review and reconsideration. The request for review and reconsideration having been made by letter of April 30, 1996, it is obvious that an adequate period of time has passed to enable the Commission to determine whether it will grant the request and to "formally" and officially render a decision on that request and to specifically notify the claimant of its decision. The letter of Ms. Tancredi, speaking as the ostensible messenger of the Commission, clearly delineates the present undecided status of the request for reconsideration.
The "board of seven physicians" as provided by General Statutes § 5-169 (c) and 5-169 (d) is not the Commission. The board is a fact finding advisory body which reports to the Commission. "The chairman or the secretary shall report the findings of the board to the retirement commission . . ." General Statutes § 5-169 (c). The fact that General Statutes §5-169 (d) states that "no reconsideration . . . of a decision . . . shall be made by the board . . . unless a member (claimant) . . . upon application to the board for a redetermination, discloses additional facts concerning his condition at the date of termination of employment" does not alter the statutory role of the Commission. It does not make the board the commission.
The role of the board is clearly defined. "The defendant's decision upheld the conclusion reached by the board in accordance with its administrative policy of deferring to the board's medical expertise with regard to medical issues." Briggs v. StateEmployees Retirement Commission, 210 Conn. 214, 216 (1989). However, the Commission must determine in each individual case whether it will or will not defer to the board. "Policy" is not the same law. All of the appeals courts' decisions refer to decisions made by the Commission.
The fact that the board has a limited role in the decision making process, including statutory limits on its right to reconsider its decision, more properly its "findings", does not convert the board into the Commission. Moreover there is no statutory requirement that the Commission adopt in whole or in part the "finding" of the board, or that the Commission's decision be necessarily in conformance with the conclusions of the board. Furthermore the request of the plaintiff is that theCommission review and reconsider its decision. It is not a request that the board reconsider its decision, which request would probably be subject to the limitations imposed by General Statutes § 5-169 (d). CT Page 1345
The letter of Ms. Judy Tancredi of March 20, 1997 which interprets the plaintiff's request for review and reconsideration of the Commission's decision as if it was a request for reconsideration by the board is in error. Nor can the court interpret that letter from "Judy Tancredi, Coordinator Disability Retirement" as if it were a formal or official determination bythe Commission on the plaintiff's request for review and reconsideration under General Statutes § 5-156 (k).
 II
General Statutes § 4-183 (a) provides "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section."
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 556 (1987).
Through no fault of the plaintiff, there has been no decision rendered by the Commission as to whether it will grant review and reconsideration. The Commission is simply ignoring that request.
Regardless of what may be the administrative policy of the Commission in deferring to the board's determination concerning medical matters, and regardless of the Commission's conclusions that the legislature intended to make the board the "final arbiter of medical issues", as noted in footnote 5, Briggs v.State Employees Retirement Commission, 13 Conn. App. 477, 480
(1988) (which proposition was not formally challenged orpresented as an issue before the Appellate Court in that case), yet there is nothing to indicate that the Commission is authorized to delegate its entire statutory responsibility to the board and to automatically absolve itself from its statutory duty of making formal and official decisions on applications submitted to the Commission. Nor is there authority to support a proposition that the Commission may ignore or take no formal action whatsoever on a request for review and reconsideration made to the Commission pursuant to statute.
The plaintiff is also requesting a hearing before the CT Page 1346 Commission. General Statutes § 5-155 (a) grants to the Commission discretion as to whether, if the request for review and reconsideration is granted, the plaintiff will also be granted a hearing. Although a request for a hearing is a discretionary matter for the Commission, clearly a decision one way or another as to whether the Commission will grant therequest for review and reconsideration is clearly mandated by law.
From the information submitted to the court by counsel for both parties there is no question but that the Commission has not made a formal decision as to whether it will grant review and reconsideration. The plaintiff's request for review and reconsideration remains in a state of administrative limbo. The court cannot predict what may be the decision of the Commission on this request for review and reconsideration.
Unfortunately the court has no jurisdiction to entertain this appeal, as the administrative remedies available to the plaintiff have not been exhausted. Hence the court must dismiss this administrative appeal. For the same reason the court does not reach the question of whether this may ultimately be a "contested case", which contention may become moot depending upon the outcome of the request for review and reconsideration.
As is clearly set forth in the Commission's brief the plaintiff's remedy, in the event of continual inaction by the Commission, is by petition for a writ of mandamus to compel a decision by the Commission. See Juliano v. Farrell,196 Conn. 283, 286 (1985).[1] It is the expectation of this court that the Commission will make a decision, thereby, precluding the necessity of such further court intervention by mandamus to compel a decision by the Commission. The changes in General Statutes § 5-155a(k), made by the Legislature in 1994, and not addressed by the Supreme Court in Derwin v. State EmployeesRetirement Commission, 234 Conn. 411, 417, (See footnote 6,) present significant questions which cannot be perpetually avoided by the Commission's refusal to make a decision on the request for review and reconsideration.
For the reasons set forth herein, the motion to dismiss however must be granted.
Accordingly, the motion to dismiss is GRANTED. CT Page 1347
L. Paul Sullivan, J.