[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR TEMPORARY MANDAMUS
The plaintiffs commenced this action by service of process, and service of an order to show cause and motion for temporary mandamus on January 22, 1998. The complaint and motion allege that the plaintiffs have complied with General Statutes §33-946 (c) and that the defendant has wrongfully denied the plaintiffs their rights under General Statutes § 33-946 (b) to inspect and copy shareholder records.
The plaintiff, Basswood Partners, is a Delaware limited partnership with its principal place of business in New Jersey. Mr. Lindenbaum is a principal of Basswood's general partner, Basswood Management, Inc., The defendant, NSS Bancorp, Inc., is a Connecticut corporation. Both Basswood Partners, and Mr. Lindenbaum individually, own shares in NSS Bancorp.
Mr. Lindenbaum wrote to the Board of Directors of NSS Bancorp on behalf of Basswood Partners on two separate dates requesting the right to inspect and copy records pursuant to General Statutes § 33-946. Exhibits 1 and 3. The plaintiffs described their purpose in seeking the shareholder lists in both letters as communication with other shareholders on matters relating to mutual interests as shareholders, including, but not limited to, what the plaintiffs deem the financial underperformance of the defendant and methods to improve financial performance. Both requests were denied. The defendant's position is that the plaintiffs have not met the requirements of General Statutes § 33-946 (c), specifically that the plaintiffs' demand is not "made in good faith and for a proper purpose." General Statutes § 33-946 (c)(1). The defendant asserts that plaintiffs' true CT Page 1363 purpose is to force a sale of NSS Bancorp, Inc., Exhibit 2. The defendant argues that General Statutes § 33-756 (d) renders the plaintiffs' purpose improper.
On February 2, 1998, both sides presented oral argument and Mr. Lindenbaum testified on direct and cross examination.
General Statutes §§ 33-600 through 33-998 comprise the Connecticut Business Corporation Act, which became effective January 1, 1997. General Statutes § 33-600; see P.A. 94-186. General Statutes § 33-946 governs the inspection of records by shareholders. General Statutes § 33-946 provides as follows: "A shareholder may inspect and copy the records described in subsection (b) of this section only if: (1) His demand is made in good faith and for a proper purpose; (2) he describes with reasonable particularity his purpose and the records he desires to inspect; and (3) the records are directly connected with his purpose."
Prior to the 1997 Connecticut Business Corporation Act, General Statutes § 33-334 (c) governed the inspection of shareholder records by a shareholder. Under that provision the shareholder had the burden of showing that the examination was "in good faith in the interest of such shareholder as such or of the corporation and not for speculative or trading purposes or any purpose inimical to the interest of the corporation or its shareholders." The counterpart to General Statutes § 33-334 (c) in the Connecticut Business Corporation Act is General Statutes § 33-946. The current statute eliminated the language "not for speculative or trading purposes" and instead requires that there be a "proper purpose." The change in the wording of the statute from a specifically restrictive phrase to the use of the more general term "proper" suggests a liberalization of the statutory requirements, and is inconsistent with the restrictive view that the defendant suggests. The change in the statutory language brings the Connecticut provision in line with the Model Act and its interpretive case law. The Model Business Corporation Act (MBCA) official comment § 16.02(c) describes a proper purpose as "a purpose that is reasonably relevant to the demanding shareholders' interest as a shareholder." It further explains that the Model Act continues to use this phraseology because, "it is traditional and well understood language defining the scope of the shareholder's right of inspection and its use ensures that the very substantial case law that has developed under it will continue to be applicable under the revised Act." CT Page 1364
The court is not aware of and the parties cannot cite any Connecticut cases which interpret "proper purpose." In MMIInvestments L.L.C. v. Eastern Co., 45 Conn. Sup. 101,701 A.2d 50, 18 CONN. L. RPTR. 368 (1996), the court analogized the standard in § 33-334 (c) to the "proper purpose" standard used in other jurisdictions, including Delaware and New York. MMIInvestments, L.L.C. v. Eastern Co., supra, 45 Conn. Sup. 110, 113. Since the 1997 statute now specifically uses the term "proper purpose" the analysis in MMI Investments of cases in other jurisdictions with the same standard is even more instructive. In that case, the plaintiff shareholder sought the defendant's shareholder lists in order to communicate with other shareholders including to call a special meeting to discuss a merger proposal. Id., 104. After analysis of that purpose under cases from Delaware and New York following the "proper purpose" standard, the court determined that the plaintiff was entitled to the lists. The court in MMIInvestments cited to Mite Corp. v. Heli-Coil Corp., 256 A.2d 855
(Del.Ch. 1969). There, the court allowed the plaintiff access to shareholder lists in order to purchase additional shares from other shareholders, and allowed the defendant access to the plaintiff's lists on a counterclaim where the purpose was to communicate regarding the exchange offer. MMI Investments L.L.C.v. Eastern Co., supra, 45 Conn. Sup. 113; see Mite Corp. v. Heli-Corp.,supra, 856-58. The court in MMI Investments also cited toCrane Co. v. Anaconda Co., 39 N.Y.2d 14, 346 N.E.2d 507,382 N.Y.S.2d 707 (1976). In that case, the court found a proper purpose where the plaintiff wished to communicate with other shareholders regarding the plaintiff's proposed tender offer. MMIInvestments. L.L.C. v. Eastern Co., supra, 114; Crane Co. v.Anaconda Co., supra, 346 N.E.2d 512.
In the present case, plaintiffs seek the lists to communicate with other shareholders regarding perceived financial underperformance and methods for improvement. Mr. Lindenbaum testified that methods for improvement include the possibility of a sale of the corporation. Because the proposed communication directly concerns the value of shareholder investments, this court finds that the plaintiffs have a "proper purpose." There is no difference between disseminating information for the purpose of trying to obtain additional shares, discussing an exchange offer or tender offer, and discussing financial performance and methods of improvement including the possibility of a sale. In all these examples the bottom line is that this information concerns the value of the shareholder investments. CT Page 1365
The defendant argues that General Statutes § 33-756 (d) is relevant in determining what is a "proper purpose" for purposes of General Statutes § 33-946 (c). General Statutes § 33-756 (d) lists additional factors that a director of a corporation shall consider in determining what is in the best interests of the corporation in relation to a plan of merger or share exchange, sale of assets in the regular course of business and mortgage or transfer of assets, sale of assets other than in the regular course of business, and in relation to business combinations. This provision requires a director in those specified situations to consider the long and short term interests of the corporation and of the shareholders, the interests of the corporation's employees, customers, creditors, suppliers, and societal and community interests. Prior to 1997, a director was required to consider these same factors pursuant to General Statutes § 33-313 (e). This court disagrees with the defendant's argument that § 33-756 (d) limits the plaintiffs' rights; here. The obligations imposed on a director by General Statutes § 33-756 (d) do not restrict the rights of a shareholder under General Statutes § 33-946. If the legislature intended that a "proper purpose" be determined by directors after consideration of the § 33-756 (d) factors then it could have written the statute that way. When § 33-946 was written, § 33-313 (e) had already been in effect. "[W]e presume that laws are enacted in view of existing relevant statutes . . . ." Hunnihan v. Mattatuck Mfg. Co., 243 Conn. 438
(1997). The plaintiffs' purpose is not improper simply because the defendant disagrees with the idea of a sale after consideration of the factors in General Statutes § 33-756
(d). "[R]elief cannot be denied to the plaintiffs here because the company's management insists they are on the wrong side of the issues . . . ." DeRosa v. Terry Steam Turbine Co.,26 Conn. Sup. 131, 141 (1965).
The defendant also argues that the plaintiffs have not described their purpose with particularity as required by General Statutes § 33-946 (c)(2). This court finds that the plaintiffs have stated the purpose with the requisite "reasonable particularity" both in the written demands and in the testimony of Mr. Lindenbaum.
The court finds that the plaintiffs have met the requirements of General Statutes § 33-946 (c) and, therefore, are entitled to the shareholder lists. The right of a shareholder to inspect CT Page 1366 shareholder lists "for a proper purpose existed at common law and has commonly been enforced through mandamus proceedings." Knibbsv. Knibbs Construction, Inc., 25 Conn. Sup. 253, 202 A.2d 248
(1964). General Statutes § 52-487 provides: "Any stockholder of a corporation may apply for a writ of mandamus against such corporation to compel it to obey the statute laws of the state." "Temporary orders of mandamus are authorized under § 544 of the rules of practice. Orders of temporary mandamus may issue only when the following four conditions are satisfied: (1) there is no other adequate remedy; (2) irreparable harm has been shown; (3) the law imposes a mandatory, not discretionary, duty on the party against whom the writ is sought; and (4) the party who is seeking the writ of mandamus has a clear legal right to have the duty performed." Meyers v. Westport, 41 Conn. Sup. 295,570 A.2d 249 (1989); see also Practice Book § 544. The court finds that these four conditions are met in this case. The court rejects the defendant's argument that the plaintiffs have not demonstrated irreparable harm because they still may obtain the shareholder lists pursuant to General Statutes § 33-704. If the plaintiffs have a right under General Statutes § 33-946
(b), they must be entitled to enforce that right. General Statutes § 33-946 (e) provides: "This section does not affect: (1) The right of a shareholder to inspect records under section 33-704 . . . ." Inspection rights under § 33-946 (b) and § 33-704 are separate rights. The defendant's position would render the plaintiffs' § 33-946 (b) rights meaningless.
The court grants the plaintiffs' motion. The court finds that the defendant's refusal to provide the shareholder lists was in good faith and therefore denies the plaintiffs' requests for costs and attorneys' fees.
DEAN, J.