[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11230
On April 30, 1999, the plaintiff, Richard Duckworth, brought an application for a writ of mandamus ordering the defendants, John J. Bardt, Zoning Officer of the Town of Monroe; Anthony Carpenter, Fire Marshal of the Town of Monroe; Thomas Monks, Sanitarian of the Town of Monroe and James Sandor, Building Inspector of the Town of Monroe to issue a certificate of use of accessory apartment. The plaintiff alleges that, although he submitted an application to the defendants for a certificate of use of an accessory apartment that complied with the operative Monroe zoning regulations, the defendants denied the plaintiffs application stating that it did not conform to the zoning regulations.
"[T]he question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." (Internal quotation marks omitted.) Weidenbacher v. Duclos,234 Conn. 51, 54 n. 4, 661 A.2d 988 (1995); In re Michelle G.,52 Conn. App. 187, 190, ___ A.2d ___ (1999). "The failure to exhaust administrative remedies implicates the subject matter jurisdiction of the court." Johnson v. Dept. of Public Health,48 Conn. App. 102, 108, 710 A.2d 176 (1998). Moreover, "[t]he failure to exhaust an available administrative remedy is . . . a proper ground for denying mandamus." Juliano v. Farrell,196 Conn. 283, 286, 492 A.2d 187 (1985).
"A petition for writ of mandamus, rather than an administrative appeal, is the proper procedural remedy for obtaining a certificate of approval when an application has been approved by operation of law." Fedus Sons v. Zoning Board of Colchester,
Superior Court, judicial district of New London at Norwich, Docket No. 094545 (April 16, 1991, Leuba, J.). "Mandamus is an extraordinary remedy designed to enforce the performance of a plain positive duty, and, as such, the writ will properly issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled." (Internal quotation marks omitted.) Juliano v. Farrell, supra,196 Conn. 286. "In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity."Hennessey v. Bridgeport, 213 Conn. 656, 659, 569 A.2d 1122
(1990); Golden Hill Paugussett Tribe of Indians v. Weicker,51 Conn. App. 552, 555, 723 A.2d 348 (1999). Furthermore, "issuance of the writ has been confined to situations where the aggrieved CT Page 11231 party has no adequate remedy at law or in equity." (Internal quotation marks omitted.) Juliano v. Farrell, supra,196 Conn. 286.
Here, not only has a final decision not been issued by an administrative agency, the plaintiffs application for certification of an accessory apartment on his property at 5 Camelot Drive has not even been processed. (Plaintiff's Exhibit F, p. 1.)[1] The unprocessed application along with the checks to cover the processing fees were returned to the plaintiff (Plaintiff's Exhibit A, p. 3.) Therefore, the plaintiff has failed to exhaust his administrative remedies. Moreover, even if the zoning department denies the application, "when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." (Internal quotation marks omitted.) Upjohn Co. v. ZoningBoard of Appeals, 224 Conn. 96, 102, 616 A.2d 793 (1992). Based upon the plaintiffs failure to exhaust his administrative remedies, this court has no subject matter jurisdiction.[2]
Therefore plaintiff's request to issue a writ of mandamus is denied.
SKOLNICK, J.