[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 3, 1996
FACTS
The present action is an appeal by the plaintiff, Bishop Court LLC, from the decision of the defendant, the Board of Tax Review of the Town of Groton. The plaintiff claims that they are aggrieved by the Board's refusal to reduce the October 1, 1994, valuation of certain real property owned by the plaintiff, because the valuation does not represent the true and actual value, and was grossly excessive, disproportionate and unlawful. The plaintiff prays that "the [assessment][1] of the property as of October 1, 1994, be reduced to 70% of its true value."
The defendant filed the present motion for summary judgment on February 23, 1996, with an accompanying memorandum of law. The plaintiff filed an objection on March 25, 1996, also with an accompanying memorandum of law.
DISCUSSION
The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that CT Page 5112 there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . ."Home Insurance Co. v. Aetna-Life Casualty Co., 235 Conn. 185,202, 663 A.2d 1001 (1995).
In the present case, the plaintiff's claimed aggrievement is the refusal of the Board to reduce the October 1, 1994, assessment. (Defendant's Brief, Exhibit A, Assessor's Report.) The last decennial valuation of property in the Town of Groton occurred on October 1, 1992. (Defendant's Brief, Exhibit A,[2]
Affidavit of Anne Dougherty.) On October 1, 1994, the assessors of the Town of Groton assessed the value of the plaintiff's property to be $2,501,900. (Defendant's Brief, Assessor's Report.) The plaintiff, however, contends that this assessment is erroneous and should be reduced to reflect the actual fair market value of the property of $1,100,000, which the plaintiff bases on the sale of the property at auction on January 1, 1994, for $850,000. (Defendant's Brief, Exhibit B, Application for Appeal #95-2.)
The defendant relies on the cases of Ralston Purina v. Boardof Tax Review, 203 Conn. 425, 441, 525 A.2d 91 (1987), andUniroyal v. Board of Tax Review, 182 Conn. 619, 631, 438 A.2d 782
(1981), and asserts that they are controlling in the present case and dispositive of the plaintiffs appeal. However, both of these cases are distinguishable from the present case.
In Uniroyal, the plaintiff argued that its property had been revalued at the last decennial revaluation and assessed for taxation purposes on October 1, 1971, and that the assessment value remained the same through the 1974, 1975 and 1976 interim years. Uniroyal v. Board of Tax Review, 182 Conn. 622. The plaintiff attempted to prove through a complicated mathematical ratio theory based on actual property sales during those subsequent interim years that the original assessment value of their property in 1971 should have been much less and requested the court to adjust that valuation accordingly. Id., 628. The court rejected the plaintiffs argument, holding that "[t]he remedy of revaluation [provided by General Statutes § 12-62] was established by the legislature and it was its judgment that it only be available once each decade." Id.
In Ralston the issue was "whether a municipality is required to adjust property tax assessments during interim years between decennial revaluations of real property to account for CT Page 5113 fluctuations in property values resulting solely from changes in market conditions." Ralston Purina Inc. v. Board of Tax Review,supra, 203 Conn. 426. In its decennial revaluation of October 1 1979. the defendant Board of Tax Review for the Town of Franklin appraised the property owned by the plaintiff Ralston at an actual market value of $11,863,698 and an assessed value of $8,285,689 for taxation purposes. Id., 429. The plaintiff did not challenge the original 1979 assessment value, and that value remained the same on the October 1, 1980-84 grand lists. Subsequent to the 1982 assessment, the plaintiff sold the property in an arms length transaction on February 9, 1983, for only $2,000,000. Id., 430. Based on this sale price, the plaintiffs argued that the assessment values on the 1982-84 grand lists should be reduced to reflect the true and actual market value of the property.[3] Id. The court, relying on theUniroyal decision, stated that "we are not persuaded of the need to reexamine our interpretation of [General Statutes §] 12-62
as mandating general revaluations of real property only once every decade . . . [W]e can discern no reason now to amend [General Statutes § 12-62] judicially so as to alter the apparent intent of its drafters to preclude as a general rule,
interim revaluations of real property." (Citations omitted; emphasis added.) Id., 441.
The present case is different from the issue in Uniroyal andRalston. In those two cases, the issue was whether a property owner could use evidence of market transactions subsequent to an assessment to force an interim revaluation or reassessment of their property. See id. In the present case, however, the issue is much different. The plaintiff here purchased the subject property for $850,000 on January 1, 1994. (Defendant's Brief, Exhibit B.) The Property was subsequently valued by the defendant at a value of $2,501,900 on October 1, 1994. (Id.) Therefore, the plaintiff in the present case is not prohibited, as argued by the defendant, from challenging the October 1, 1994, assessment subsequent to its purchase of the property. Id.
The defendant also argues in the alternative that, even if the decisions in Ralston and Uniroyal do not prohibit the plaintiff from asserting the present claim, the plaintiff s action is barred by the statute of limitations. The defendant's contention is wholly without merit.
General Statutes § 12-117a provides in pertinent part that "any person . . . claiming to be aggrieved by the action of CT Page 5114 the board of tax review in any town or city with respect to the assessment list for the assessment year commencing . . . October 1, 1994, may, within two months from the time of such action, make an application, in the nature of an appeal therefrom, to the superior court . . ." (Emphasis added.). In the present case, the defendant rendered the decision from which the plaintiff brings this appeal on February 22, 1995. (Defendant's Brief, Exhibit B.) The plaintiff filed a citation to commence the appeal on March 23, 1995, well within the two month limitations period. General Statutes § 12-117a.
CONCLUSION
Based on the foregoing, the defendant's motion for summary judgment is denied.
AUSTIN, J.