[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tax appeal from the Grand List of 1996 brought by Allen V. Desena doing business as Geron Enterprises against the City of Waterbury. The subject property is located at 21 Cliff Street, Waterbury and consists of a lot approximately 130' by 150' on which is located two buildings, one a three-car garage and one building of approximately 8,153 square feet that had previously been used as a convalescent hospital. Plaintiff Allen V. Desena had originally purchased the property in 1987 at which time the building was licensed by the state as a skilled nursing facility. Appellant operated the building as a skilled nursing facility until March 1996 when he went out of business and later sold the facility, including the land, building and license to Athena Health Care, taking back a mortgage in the amount of $150,000 from Mattahealth LLC. Thereafter the property was foreclosed late in 1996 and appellant regained title to the premises. The property has not been operated as a convalescent home since early 1996 and plaintiff testified that it could not be so operated in the future as it cannot be licensed by the state and the state has a moratorium on licensing such facilities until 2004. CT Page 5543
The last revaluation by the City of Waterbury was done on the Grand List of 1980. At that time the property in question was assessed as follows:
 Land $ 14,000 Building 392,000
Total $406,000
This was based on a fair market value of $580,000.
As usual, the testimony was a battle of the experts. Appellant's appraiser was Ronald M. Diorio of the Nocera Company and the City's was Armand Carbone. Plaintiff's expert employed the comparable sales analysis for residential properties as this property is located in a Moderate Density Residential District (RM), determining that the "highest and best use" of the property is for its development as a multi-family residence. Based on the sales comparison approach the appraiser arrived at a fair market value of $80,000 which would amount to $56,000 assessed valued.
Armand Carbone, the city's appraiser, testified that the building in question was comprised of 12,288 square feet of usable space. He also testified that while he had had nothing to do with the 1980 revaluation, that the 1980 figures of fair market value and assessed value were "in the ballpark".
The plaintiff challenging the tax assessor's valuation of property bears a heavy burden. Connecticut courts have repeatedly held that wide discretion will be given to assessors, and "unless their action is discriminatory or so unreasonable that property is substantially overvalued so that injustice and illegality results, their opinion and judgment should control in the determination of value of property for taxation purposes."Stamford Apartment Co. v. Stamford, 203 Conn. 586, 589 (1987),citations omitted.
Very recently, our Supreme Court in Ireland v. Wethersfield,242 Conn. 550 (1998), further developed the nature of an appellant's burden in a tax appeal brought pursuant to the provisions of § 12-117a of the General Statutes. The court reiterated that such a case is a "matter de novo" and that "(t)he trier of fact must arrive at his own conclusions as to the value of [the taxpayer's property] by weighing the opinion of the appraisers, the claims of the parties in light of all the CT Page 5544 circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value." Id. At 556-57. Most importantly, the court clarified the principle that a municipality is not required to present affirmative evidence that its assessor's determination of market value is "not unjust", when the trial court has found that the taxpayer has failed to meet his or her statutory burden of proof. Id. at 557-59. As an example, the court states that the trial judge may render judgment for the municipality solely on the basis that he or she does not find the taxpayer's appraiser's method of valuation persuasive. Id. At 557-58.
The Connecticut Supreme Court has consistently held that municipal assessors cannot be expected to revalue each time property values fluctuate in response to market conditions.Ralston Purina Co. v. Board of Tax Review, 203 Conn. 425, 438
(1987); Uniroyal. Inc. v. Board of Tax Review, 182 Conn. 619,629-30 (1981); Kays, Inc. v. Board of Tax Review, 170 Conn. 477
(1976). The legislature has deliberately fashioned this assessment scheme to require assessors to base property valuations upon more reliable, long term market trends. RalstonPurina Co. v. Board of Tax Review, 203 Conn. 425, 438 (1987).
However, the issue as to whether real estate assessments can be adjusted in interim years between decennial evaluations was answered in the affirmative in Ralston, supra.
Although the court held that the taxpayer was not entitled to relief solely because the value of its property had lessened in value due to fluctuations in the market, which is not the case in the case at bar, it announced three special circumstances which, if met, would justify interim relief. They are: 1. The destruction or expansion of the property; 2. A substantial change in the use or zoning classification and 3. A decision by the taxpayer to go out of business. In those instances, an interim revaluation would be required. Ralston Purina, supra. To date, the Connecticut Supreme Court has not had a case where the taxpayer had made a conscious decision to go out of business. In the case at bar, two out of three of these special circumstances, i.e., a substantial change in the use of the property and the taxpayer's decision to go out of business are present. RalstonPurina, supra, indicates that only one is required.
In the case of 84 Century Limited Partnership v. Board of TaxReview of Rocky Hill, 207 Conn. 250 (1988), the court, citing CT Page 5545 C.G.S. § 12-55, allowed the Board to increase the assessment of the plaintiff's apartment complex on an interim year basis. They reasoned that if the assessors have the authority to increase assessments on an interim basis, then they also had the authority to decrease interim assessments on the same authority. Thus the statute sets up a clear legislative mandate to give local assessors a continuing duty (unrelated to decennial revaluation), to achieve a fair equal assessment for all taxpayers. The court also recognized the three special circumstances announced in Ralston Purina, supra. Noteworthy is the fact that a mere sale of the taxpayer's property had triggered the interim assessment.
Appellant claims to be entitled to an interim revaluation because of the change of use and his decision to go out of business. Both of these conditions were related to his surrender of the license to the state. He did not seek relief because of a mere change in use. Maharishi School v. City of Hartford, JD Hartford-New Britain at Hartford, No. CV95-0551521, or because of a change in market conditions, Bishop Court LLC v. Groton TownBoard of Tax Review, 17 Conn. L. Rptr. 309 (July 3, 1996, Austin, J.).
The plaintiff is entitled to interim revaluation because the revaluation that was used in 1980, was also used in determining his assessment for the tax years 1996 and 1997. Jupiter RealtyCompany v. Board of Tax Review of the Town of Vernon,242 Conn. 363 (1997). In such case, the defendant's assessor would be required to conduct an interim revaluation of the subject property. Ralston Purina, supra at 436. Clearly, according to the testimony of Mr. Carbone, it did not.
The court finds appellant aggrieved by the excessive, disproportionate and unlawful assessment of his property on the Grand List of 1996. Since appellant had not gone out of business nor was there a substantial change in the use of zoning classification until early 1996, a change of assessment is not appropriate for the Grand List of 1995.
The court sustains the appeal from the assessment on the Grand List of 1996 and finds the fair market value to be $80,000 and the assessed value $56,000. Judgment plus costs shall enter accordingly.
KULAWIZ, J. CT Page 5546